Terrance MITCHEM, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 71S00–9604–CR–00294.

Supreme Court of Indiana.

Sept. 5, 1997.

Jeffrey L. Sanford, South Bend, for Appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

On June 14, 1995, defendant Terrance Mitchem was charged with the following: Mur-

der,[1] a class A felony; Burglary,[2] a class B felony; three counts of Attempted Murder,[3] two counts of Rape,[4] and one count of Criminal Deviate Conduct,[5] all class A felonies. On December 11, 1995, the defendant was found guilty of all Counts, except for Burglary. Defendant was ordered to a total prison term of 90 years. Defendant contends he was erroneously convicted based upon an inadequate jury instruction and claims that his sentence was improperly enhanced. We affirm the trial court.

## Background

On June 12, 1995, defendant and two codefendants, Michael Greer and Dorian Lee, armed with weapons, entered a home occupied by four adults. Defendant raped the two female occupants. Defendant then told the four occupants to line up against the wall with their backs towards defendant, Greer and Lee. Defendant then changed his mind and told the occupants to turn around to face the defendant and to kneel. Greer, Lee, and defendant opened fire on all four occupants. One victim died and the other three survived.

## Discussion

Defendant raises two issues on appeal: (1) whether the trial court erred by failing adequately to instruct the jury that a conviction must be supported by proof of every material allegation contained in the charging information; and (2) whether the trial court erred in its sentencing determination by (a) failing to articulate the reasons why each factor was an aggravating or mitigating circumstance; (b) failing to engage in an evaluative balancing process with respect to the aggravating and mitigating circumstances; and (c) applying

an improper factor to justify the enhanced sentence.

## I

Defendant contends that the trial court failed adequately to instruct the jury that a conviction must be supported by proof of every material allegation contained in the charging information. The State charged defendant with the crime of Attempted Murder with a handgun and a shotgun. Evidence at trial suggested that defendant committed the crime of Attempted Murder with a rifle. Defendant asserts that this constituted a fatal variance between the charging information and the proof at trial; that the jury instruction on Attempted Murder should have specified that the State was required to prove all of the material allegations contained in the charging information.[6] Before deciding on the merits of this contention, we determine whether the defendant preserved this error for review.

## A

■ In order for this Court to consider this issue on appeal, the defendant must have properly objected to the jury instruction, Ind.Trial Rule 51(C), and have proffered a written jury instruction which would correct the error. *Clark v. State,* 561 N.E.2d 759, 764 (Ind.1990); *Raspberry v. State,* 275 Ind. 504, 505, 417 N.E.2d 913, 915 (1981); *Law v. State,* 273 Ind. 624, 627, 406 N.E.2d 1185, 1186 (1980); *Corley v. State,* 663 N.E.2d 175, 179 (Ind.Ct.App.1996). If the defendant failed to tender an instruction on the issue, the defendant cannot now complain of an incomplete or omitted instruction. *Clark,* 561 N.E.2d at 764.

1. Ind.Code § 35–42–1–1 (1993).

2. Ind.Code § 35–42–2–1 (1993).

3. Ind.Code §§ 35–41–5–1 and 35–42–1–1 (1993).

4. Ind.Code § 35–42–4–1 (1993).

5. Ind.Code § 35–41–1–9 (1993).

6. Although he did not tender a written jury instruction at trial, defendant contends on appeal

that the jury instruction should have read as follows:

> To convict a defendant of Attempted Murder, a Class A Felony, as charged in Count III, the State must prove each of the following elements beyond a reasonable doubt:
> 1. A defendant,
> 2. by shooting at or against the body [of the victim] with a handgun and a shotgun,
> 3. engaged in conduct which was a substantial step toward the commission of the crime of murder.

The State's proposed instruction on Attempted Murder was as follows:

> To convict a defendant of Attempted Murder, a Class A felony, as charged in Count III, the State must prove each of the following elements beyond a reasonable doubt:
>
> 1. A defendant, acting alone or with another accomplice,
> 2. with the intent to kill [name of victim],
> 3. engaged in conduct which was a substantial step toward the commission of the crime of murder that is, the intentional killing of another human being.

(R. at 102)

Defendant did not tender a written jury instruction for the Attempted Murder charge. However, the trial court did make a notation on the proposed jury instruction regarding defendant's objection. Defendant's objection was as follows:

> 1. The elements include "acting alone or with another accomplice."
> 2. Does not have all the elements. that is ... "by shooting at _____ (undecipherable) the body of...."
> 3. Intentional killing of another human being is covered by element # 2.

(R. 102.)

The trial court granted the first and third objection by striking the particular language objected to, but did not grant the second objection. In his brief, defendant suggests that this second objection "related to the language in each of the three charges that the attempted murder was committed with a handgun and a shotgun." Br. of Appellant at 10. We agree with the State that the trial court's notation referring to defendant's objection to the instruction cannot be construed as a request for an instruction regarding the specific weapon.

 Ind.Trial Rule 51(C) requires that a party distinctly state the matter to which the party objects and the grounds of the objection. An objection must be "sufficiently specific to make the trial judge aware of the alleged error before [the judge] reads the instruction to the jury." *Terre Haute Regional Hospital v. El–Issa,* 470 N.E.2d 1371, 1376 (Ind.Ct.App.1984) *trans. denied* (citing *Scott v. Krueger,* 151 Ind.App. 479, 492, 280 N.E.2d 336, 345 (1972)). The purpose of this rule is "to protect the trial court from inadvertent error." *Id.* (citing *Conley v. Lothamer,* 150 Ind.App. 356, 361, 276 N.E.2d 602, 605 (1971)). *See also Grimes v. State,* 170 Ind.App. 525, 535, 353 N.E.2d 500, 508 (1976). Failure to comply with T.R. 51(C) results in waiver of the alleged error. *Id.* With respect to this particular objection, we do not find that defendant made a sufficiently specific objection to make the trial court aware that what defendant wanted was an instruction which included the weapons alleged in the charge.

On the other hand, defendant did, on another occasion, clearly object to the jury instruction on Attempted Murder. After all the evidence was presented to the trial court, defendant made the following objection:

> As to Counts II, IV, and V, the attempted—again, I don't think the instruction is as it should be. The State's specific instruction that was used as part of the attempted murder and not proved my client possessed those weapons. I think there is a variance between the charge and the prove (sic).

(R. 1473.)

While defendant's objection to the instruction was not as well articulated as it could have been, the objection was not lacking in specificity or clarity. *See Hoffman v. E.W. Bliss Co.,* 448 N.E.2d 277, 284 (Ind.1983). Clearly, it would have been more appropriate for defendant, at this stage of the trial, to proffer a jury instruction on this issue, or at least inform the court that the error could be corrected by modifying the instruction. However, because the record reflects that throughout the trial defendant objected to the variance, we assume, without deciding, that the objection complied with T.R. 51(C) and thus the error was preserved for appeal. Therefore, we proceed to the merits of the issue.

## B

Defendant argues on appeal that the jury instruction on Attempted Murder was improper because it did not instruct the jury that a conviction requires a finding of every material allegation contained in the charging information. As stated earlier, defendant asserts that there was a fatal variance between the charging information and the proof at trial. A discussion of this issue requires a two part analysis: (1) whether the use of specific weapons were material allegations in the charging information which the state was required to prove; and (2) whether the variance between proof at trial and the charging information was fatal.

### B–1

The State charged defendant with Attempted Murder. To establish Attempted Murder, the State must prove beyond a reasonable doubt that (1) defendant acted with specific intent to kill and (2) defendant engaged in conduct constituting a substantial step toward commission of the crime. *Minter v. State*, 653 N.E.2d 1382, 1383 (Ind.1995). "Intent may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm." *Johnson v. State*, 455 N.E.2d 932, 936 (Ind.1983). "What constitutes a substantial step must be determined from all the circumstances of each case, and the conduct must be strongly corroborative of the firmness of the defendant's criminal intent." *Harris v. State*, 425 N.E.2d 112, 115–16 (Ind.1981) (quoting *Zickefoose v. State*, 270 Ind. 618, 622–23, 388 N.E.2d 507, 510 (1979)). The specific weapon used in the commission of the crime of Attempted Murder is not an element of the crime.[7] However, defendant asserts that because the State specified the weapons used in the charging information, it was bound to prove the defendant used such weapons. We disagree.

It is well recognized that "a failure to prove a material allegation descriptive of the offense is fatal." *Madison v. State*, 234 Ind. 517, 532, 130 N.E.2d 35, 42 (1955) (citing *Crouch v. State*, 229 Ind. 326, 335, 97 N.E.2d 860, 863 (1951)). However, as stated above, the specific weapon used is not an element of Attempted Murder. In fact, the statute on indictment and information, Ind. Code § 35–34–1–2, does not require the State to allege with specificity the instrumentality used in the crime charged. "The general rule of Indiana criminal procedure is that 'what is unnecessary to allege is automatically unnecessary to prove.'" *Powell v. State*, 250 Ind. 663, 668, 237 N.E.2d 95, 98 (1968) (citing *Marks v. State*, 220 Ind. 9, 40 N.E.2d 108 (1942)). "Allegations not essential ... which can be entirely omitted without affecting the sufficiency of the charge against the defendant, are considered as mere surplusage and may be disregarded." *Id.* at 97. "Unnecessary descriptive material in a charge is surplusage. It need not be established in the proof and if there is a variance in the evidence from such unnecessary particularity it does not vitiate the proceedings unless it is shown that the defendant has been misled or prejudiced thereby." *Madison*, 234 Ind. at 543–44, 130 N.E.2d at 47 (concurring opinion of Arterburn, J., in which three other justices concurred).

We agree with the State that the allegation regarding the weapons was surplusage in this case. If the words "with a handgun and a shotgun" had been omitted from the charge, this would not have affected the sufficiency of the charge, nor would the omission of these words have altered the crime with which defendant was charged. Therefore, because we find that the allegation regarding weapons was surplusage, it was not necessary for it to be included in the jury instruction as an allegation which must be proved in order to convict. However, because there was a variance between the proof at trial and the charging information, we proceed to the second part of the analysis to determine whether the variance was fatal.

---

7. *See State v. Carrier*, 235 Ind. 456, 134 N.E.2d 688 (1956), where the court held that the State may charge a person with murder by charging that the killing was done by means that may even be unknown to the State; and *Roberts v. State*, 268 Ind. 348, 375 N.E.2d 215 (1978), where the court held there was nothing erroneous about charging a person with crimes committed using unknown methods in circumstances where "[t]he perpetrator of a crime ... is able to cover his misdeed so that his specific means of committing it cannot be determined."

B-2

 "A variance is an essential difference between the pleading and the proof." *Madison*, 234 Ind. at 531, 130 N.E.2d at 41 (concurring opinion of Arterburn, J., in which three other justices concurred); *Miller v. State*, 616 N.E.2d 750, 755 (Ind.Ct.App.1993). "Not all variances between allegations in the charge and the evidence at the trial are fatal." *Madison*, 234 Ind. at 542, 130 N.E.2d at 46 (concurring opinion of Arterburn, J., in which three other justices concurred). The test to determine whether a variance between the proof at trial and a charging information or indictment is fatal is as follows:

(1) was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby;

(2) will the defendant be protected in the future criminal proceeding covering the same event, facts, and evidence against double jeopardy?

*Harrison v. State*, 507 N.E.2d 565, 566 (Ind. 1987) (citations omitted).[8]

 Defendant asserts that the variance was fatal because proof at trial showed defendant used a different weapon than the weapon in the charging information and cites to *Miller v. State* to support this proposition. In *Miller*, the State charged defendant with confinement "while armed with a deadly weapon, namely a handgun." There are two categories of "deadly weapons:" (1) firearms; and (2) weapons capable of causing serious bodily injury.[9] Actual proof at trial showed defendant used a pellet gun. A pellet gun is not a firearm, although a pellet gun can be considered a deadly weapon within the statute. *Miller*, 616 N.E.2d at 755. A handgun, however, is a firearm. The court held that because the State specified the use of handgun in the charging information, the State chose to limit the charges against the defendant to the illegal use of a firearm, rather than the use of a deadly weapon. *Id.* And because proof at trial showed defendant used a weapon that was not a firearm, the court held that there was a fatal variance.

 The facts of this case are different from *Miller*. The State charged defendant with use of a handgun and shotgun, while proof at trial showed defendant used a rifle. Following the rationale in *Miller*, the State's charge of the use of a handgun and a shotgun only limited the charge to the use of a firearm, not to the use of those precise weapons. Furthermore, "[t]here is no variance where the proof shows that another instrument than that alleged was used, where it was of a similar nature, and caused the same character of wound or injury." *Madison*, 234 Ind. at 551, 130 N.E.2d at 50 (concurring opinion of Arterburn, J., in which three other justices concurred) (quoting *State v. Spahr*, 186 Ind. 589, 592, 117 N.E. 648, 649 (1917)).[10] All

---

8. Applying this test is essential because it addresses two constitutional guaranties of the accused in criminal prosecutions. Part one of the test meets the requirements under Art. 1, § 13 of the Indiana Constitution which entitles defendant "to demand the nature and cause of the accusation against him, and to have a copy thereof." The second part of the test for variance meets the requirements of Art. 1, § 14 of the Indiana Constitution which provides that "no person shall be put in jeopardy twice for the same offense." *See Madison*, 234 Ind. at 545–46, 130 N.E.2d at 48 (concurring opinion of Arterburn, J., in which three other justices concurred).

9. Pursuant to Ind.Code 35–41–1–8 "Deadly weapon" means:

(1) A loaded or unloaded firearm; or

(2) A weapon, device, ... equipment, chemical substance, or other material that in the manner it is used, or could ordinarily be used, or is intended to be used, is readily capable of causing serious bodily injury.

10. In his concurring opinion, Justice Arterburn cites to the following cases where there has been a variance in the weapon alleged and proved at trial: *Carter v. State*, 2 Ind. 617 (1851) (where State charged defendant with murder by administering a poison, and stated specifically the kind of poison used, but the court found it unnecessary that the proof correspond to the specific poison); *Sullivan v. State*, 163 Ark. 353, 258 S.W. 980 (1924) (variance held immaterial where the indictment alleged a gun and proof showed a pistol was used); *State v. Barr*, 340 Mo. 738, 102 S.W.2d 629 (1937) (allegation of a pistol and proof of a revolver used in the killing was held immaterial variance); *State v. Webb*, 254 Mo. 414, 162 S.W. 622 (1914) (allegation of the use of a 'revolving pistol' and the proof showing an automatic pistol was used, was held an immaterial variance).

three of these weapons are firearms and the use of any of these weapons results in the same charge and the same punishment.[11] Thus, defendant was not misled in preparing a defense, nor was defendant harmed or prejudiced. We find that the variance was not fatal.

## II

The trial court enhanced the sentence with respect to each of defendant's convictions to the maximum sentence permissible due to aggravating circumstances; ordered the sentence for one of the attempted murder sentences to run consecutive to the murder sentence; and ordered the remaining sentences to run concurrent with the murder sentence. The court justified the enhanced and consecutive sentences with the following factors: (1) a sentence less than the sentence imposed would depreciate the seriousness of the totality of the crimes; (2) the defendant is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility; and (3) the emotional and psychological effects of the crimes committed on the victims and their families. The trial court also found the defendant's age and the defendant's showing of remorse to be mitigating factors.

When a court enhances a presumptive sentence under Ind.Code § 35–50–1–2, the court must explain its rationale for doing so. *Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind.1996). A trial court's sentencing statement must: (1) identify all of the significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is considered mitigating or aggravating; and (3) articulate that the court evaluated and balanced mitigating circumstances against the aggrava-

ting circumstances to determine if the mitigating circumstances offset the aggravating circumstances. *Jones v. State*, 675 N.E.2d 1084, 1086 (Ind.1996). "These requirements serve the dual purpose of guarding against arbitrary sentences and providing an adequate basis for appellate review." *Morgan*, 675 N.E.2d at 1074.

### A

Defendant claims that the trial court did not articulate the reasons why each factor cited was an aggravating or mitigating circumstance. The trial court did identify all of the significant mitigating and aggravating circumstances that it considered in imposing a sentence. Furthermore, all of these factors may be considered to be aggravating circumstances pursuant to Ind.Code § 35–38–1–7.1 (1993). This identification of all the factors was sufficient to comply with the first requirement of a sentencing statement.

The trial judge, however, did not state the specific reasons why each factor was aggravating or mitigating. With respect to the second aggravating factor regarding defendant's need of correctional or rehabilitative treatment, the trial judge did elaborate on why this was an aggravating factor. The judge made the following comments:

> There are—when one looks at the evidence and particularly your testimony, there is justification I think in terms of the spirit of the law to treat you seriously and harshly, but perhaps differently than the other two defendants. And I think your testimony and your remorse and your acceptance, go a long, long way in terms of anybody believing that if rehabilitation can occur, that it may occur with you. That is why your sentence, although a very serious and

11. *See United States v. Marshall*, 471 F.2d 1051, 1053–54 (D.C.Cir.1972), where the court found defendant was not prejudiced where the indictment alleged defendant shot victim with a pistol, but proof at trial showed defendant shot victim with a sawed-off shotgun; *Scruggs v. United States*, 450 F.2d 359, 361 (8th Cir.1971), where the court found the variance not to be fatal when the indictment charged defendant with using a shotgun and revolver, but proof at trial indicated use of a Lugar; *United States v. Jungles*, 903 F.2d 468 (7th Cir.1990), where indictment alleged de-

fendant was an employee while proof at trial showed defendant was an independent contractor, but court found this variance to be harmless error because the crime alleged in the information was not actually different from what was proved at trial; and *United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir.1994), where the court essentially found that when the charging information alleges a specific crime, but the actual crime proved at trial is different, reversible error results.

lengthy sentence, are different than those of your co-defendants.

(R. 1542.)

We find that the trial court made a proper sentencing statement with respect to this aggravating circumstance.

■■■ With respect to the other two aggravating factors identified, the trial court's statement was a "generalized statutory recitation." *See Ridenour v. State,* 639 N.E.2d 288, 296 (Ind.Ct.App.1994). "A mere recitation of statutory language in a statement disclosing factors the trial court considered to justify enhancement of presumptive sentence is insufficient to support an enhanced sentence." *Jones,* 675 N.E.2d at 1087. Nevertheless, "[w]hen the record indicates that the trial judge engaged in the evaluative processes but simply did not sufficiently articulate his reasons for enhancing the sentence and the record indicates that the sentence imposed was not manifestly unreasonable, then the purposes underlying the specificity requirement have been satisfied." *Adkins v. State,* 532 N.E.2d 6, 9 (Ind.1989) (quoting *Henderson v. State,* 489 N.E.2d 68, 72 (Ind.1986)). Such an error does not mandate remand. *Beasley v. State,* 445 N.E.2d 1372, 1375 (Ind.1983); *Singer v. State,* 674 N.E.2d 11, 14 (Ind.Ct.App.1996) (citing *Meriweather v. State,* 659 N.E.2d 133, 145 (Ind. Ct.App.1995) *trans. denied*). Because we find that the trial court did engage in an evaluative balancing process, as discussed below, the trial court satisfied the second requirement of properly articulating the reasons why each factor was an aggravating or mitigating circumstance.

**B**

The trial judge made the following comments during the sentencing hearing that lead us to conclude that a balancing process occurred:

Mr. Mitchem, I'm required to weigh aggravating and mitigating factors at sentencing on each of these counts. In doing so for each of these counts I find the following aggravating factors to apply: . . . I find the following mitigating factors to be present: . . . With the aggravating factors out-weighing the mitigating factors, . . ., you are sentenced to the Department of Corrections for a period of . . .

(R. 1539–1540.)

**C**

■■■ Defendant claims that the first factor, a sentence less than the sentence imposed would depreciate the seriousness of the totality of the crimes, was improperly applied to justify the enhanced and consecutive sentences. Pursuant to Ind.Code § 35–38–1–7.1(b)(4), a trial court may consider as an aggravating factor the possibility that a reduced sentence might depreciate the seriousness of a crime. However, this factor "may be used only when considering the imposition of a sentence of shorter duration than the presumptive sentence." *Jones,* 675 N.E.2d at 1088; *Gregory–Bey v. State,* 669 N.E.2d 154, 159 (Ind.1996) (quoting *Ector v. State,* 639 N.E.2d 1014, 1015 (Ind.1994)). This factor may not be used, as it was here, as the basis for enhancing the sentencing or imposing consecutive sentences. *Id.* Because there is nothing in the record to indicate that the trial court was considering a reduced sentence, the use of this aggravating factor was inappropriate.

■■■ The second factor, that the defendant was in need of correctional or rehabilitative treatment, was also improperly applied. "For this aggravating circumstance to justify in part an enhanced sentence, it must be understood to mean that the defendant is in need of correctional and rehabilitative treatment that can best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term." *Mayberry v. State,* 670 N.E.2d 1262, 1271 (Ind.1996). As stated, *supra,* the record only reflects that the trial judge believed that the defendant could be rehabilitated, but did not specifically state that such rehabilitation could only be achieved by incarceration for a period in excess of the presumptive sentence. Therefore, the need for correctional or rehabilitative treatment was improperly applied to justify enhanced and consecutive sentences.

■■■ Finally, the third factor, the emotional and psychological effects of the crimes

committed on the victims and their families, was also not properly applied as a justification for an enhanced sentence. We presume that the legislature considers victim impact when establishing a presumptive sentence. There is nothing in the record to indicate that the impact on the families and victims in this case was different than the impact on families and victims which usually occur in such crimes.

In summary, we find that all three of the aggravating circumstances that the trial court identified were improperly applied as a justification for enhanced and consecutive sentences. However, because the Indiana Constitution gives this Court the power to review and revise criminal sentences, Ind. Const. art. VII, § 4, we find that it would be proper and just under the circumstances for defendant to serve the enhanced and consecutive sentences imposed.

Pursuant to Ind.Code § 35–50–1–2 (1994), the court may order terms of imprisonment to be served consecutively. However, "the power to order consecutive sentences is subject to the rule of rationality and the limitation in the constitution." *Starks v. State*, 523 N.E.2d 735, 736 (Ind. 1988). "The basis for the gross impact which consecutive sentences may have is the moral principle that each separate and distinct criminal act deserves a separately experienced punishment." *Id.* To impose consecutive sentences, there must be at least one aggravator, *Morgan*, 675 N.E.2d at 1072, but the court is not limited to the factors identified in Ind.Code § 35–38–1–7.

Because of the nature and circumstances of the crimes committed and because there were four separate victims, we find aggravating circumstances sufficient to justify the enhanced and consecutive sentences imposed. The nature and circumstances of a crime may be considered an aggravating fac-

tor. *Scheckel v. State*, 620 N.E.2d 681, 684 (Ind.1993). *See also Concepcion v. State*, 567 N.E.2d 784, 791 (Ind.1991). The nature of these crimes justify enhanced and consecutive sentences for several reasons: (1) the number of times the victims were shot;[12] (2) the victims were asked to helplessly kneel before defendant and face defendant while he deliberately executed the victims;[13] and (3) the female victims were repeatedly raped and forced to perform deviate sexual acts.[14] We find that it is appropriate under these circumstances for the defendant to serve the enhanced and consecutive sentences imposed.

*Conclusion*

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

---

**12.** *See Geralds v. State*, 647 N.E.2d 369, 375 (Ind.Ct.App.1995) *trans. denied*, where the court held that it was not error for the trial court to take into account the "staggering" amount of firepower used by the defendant.

**13.** *See Smith v. State*, 638 N.E.2d 1255, 1257 (Ind.1994), where the court found an aggravating factor to be the nature of the crime because

"[defendant] deliberately executed [victim] by firing four shots into his body, any one of which would have been fatal."

**14.** *See Riddle v. State*, 491 N.E.2d 527, 529 (Ind. 1986), where repeatedly raping the victim was an aggravating factor.