Antwone TUCKER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9902–CR–127.

Court of Appeals of Indiana.

March 14, 2000.

Transfer Denied April 25, 2000.

Susan Carpenter, Public Defender of Indiana, Janice L. Stevens, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attor-

ney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Following a jury trial, Antwone Tucker appeals his convictions for one count of battery against a law enforcement officer,[1] and one count of battery causing bodily injury,[2] both class A misdemeanors. Tucker raises two issues on appeal, which we restate as:

I. Whether there was a fatal variance between the allegation in the information and the proof adduced at trial.

II. Whether the trial court erred by not instructing the jury on the lesser included offense of battery as a class B misdemeanor.

We affirm.

Tucker and his wife, Gidget, were at a friend's house drinking and playing cards. Tucker wanted to leave, but Gidget did not. A struggle ensued, during which Gidget fell to the floor and Tucker grabbed her by the arm. Others who were present in the apartment testified that Tucker threw Gidget to the floor, pulled her hair, and struck her. Gidget called 911. When the police arrived, they attempted to handcuff Tucker, but he resisted. In the course of his struggle with the officers, Tucker struck Officer Reidenbach. Tucker was convicted of two counts of battery and one count of resisting law enforcement; this appeal ensued.

### I.

*Variance Between Information and Proof at Trial*

With regard to the charge of battery against a law enforcement officer, Tucker contends that there was a fatal variance between the charging information and the evidence adduced at trial. The charging information alleged that Tucker elbowed Officer Reidenbach in the face, while the officer testified that Tucker's elbow struck him in the chest. Tucker moved for a directed verdict based on this variance at the close of the State's evidence; the motion was denied. Tucker argues that the denial of his motion was error and that his conviction should be reversed.

▬ A variance is an essential difference between the pleading and the proof. Not all variances between allegations in the charge and the evidence at trial are fatal. *Mitchem v. State*, 685 N.E.2d 671, 677 (Ind.1997). The test to determine whether a variance between the proof at trial and a charging information is fatal is as follows:

(1) was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby;

(2) will the defendant be protected in the future criminal proceeding covering the same event, facts, and evidence against double jeopardy?

*Id.*

▬ Tucker was charged with battery as a class A misdemeanor. In order to convict Tucker of that charge, the State had to prove that Tucker: (1) knowingly or intentionally, (2) touched another, (3) in a rude, insolent, or angry manner, and (4) the person touched was a law enforcement officer engaged in the execution of his official duty. IC 35–42–2–1(a)(1)(B). Where the officer is touched is not an element of the offense. Further, this court has held that, "Indiana law 'now permits variances in the pleading of descriptive averments which are not material – in the sense of misleading the defendant – or essential to the offense charged.'" *McCullough v. State*, 672 N.E.2d 445, 448 (Ind.Ct.App.1996), *trans.*

---

**1.** IND.CODE § 35–42–2–1(a)(1)(B) (1998).

**2.** IND.CODE § 35–42–2–1(a)(1)(A) (1998). Tucker was also convicted of resisting law enforcement; he raises no challenge to that conviction.

*denied* (quoting *Wilson v. State*, 164 Ind. App. 665, 330 N.E.2d 356, 360 (1975)).

█ Tucker contends that he relied on the State's failure to prove that he struck Reidenbach in the face as his defense to the battery charge, and thus, the variance misled him in his defense. However, the charging information fully informed Tucker of each of the material elements of the charge levied against him; the description of where the officer was touched was not material or essential to the offense charged. Tucker knew throughout the proceedings that he was charged with striking an officer, regardless of where the blow landed. He has not convinced us that he was misled in his defense. Therefore, we hold that the variance in this case is not fatal,[3] and the trial court did not err by denying Tucker's motion for a directed verdict.

## II.

### *Lesser Included Offense*

Tucker contends that the trial court erred by not instructing the jury on the lesser included offense of battery as a class B misdemeanor. Specifically, Tucker argues that his actions against his wife did not cause bodily injury, and thus, the jury should have been given instructions on battery as a class B misdemeanor.

█ Indiana courts use the test set forth in *Wright v. State*, 658 N.E.2d 563 (Ind.1995), for determining when a trial court should instruct on a lesser included offense. First, we determine whether the lesser offense is either inherently or factually included in the offense charged. *Id.* at 566–67. Second, if we conclude that the lesser offense is included in the charged offense, then we ascertain whether a serious evidentiary dispute exists as to which offense the defendant committed. *Id.* at 567.

█ A lesser offense is inherently included if it may be established by proof

of the same material elements or less than all the material elements defining the crime charged. IND.CODE § 35–41–1–16(1) (1998). Battery as a class B misdemeanor requires the State to prove that a person: (1) knowingly or intentionally, (2) touched another (3) in a rude, insolent, or angry manner. IC 35–42–2–1(a). The battery rises to a class A misdemeanor if all of the above elements are present, and in addition, the battery results in bodily injury to the person touched. IC 35–42–2–1(a)(1)(A). Because battery as a class B misdemeanor may be established by proof of less than all the material elements defining the crime charged, it is an inherently included offense of battery as a class A misdemeanor. Thus, we must determine whether a serious evidentiary dispute exists as to which crime Tucker committed.

In *Brown v. State*, 703 N.E.2d 1010, 1019 (Ind.1998) our supreme court set out a shifting standard of review for appellate examination of whether a serious evidentiary dispute exists. Where the trial judge makes a finding that there is no serious evidentiary dispute, "we review the trial court's rejection of a tendered instruction for an abuse of discretion." *Id.* Here, the trial judge found that there was no serious evidentiary dispute in rejecting Tucker's request for a lesser included offense instruction. Record, 303. Thus, our review of the denial of that instruction is for an abuse of discretion.

█ Tucker argues that Gidget suffered no bodily injury resulting from his touching. He contends that although the bruise on her arm might have been caused by him grabbing her, her testimony that it did not hurt resulted in an evidentiary dispute sufficient to justify an instruction on a class B misdemeanor battery. We do not agree. Bodily injury is defined as, "any impairment of physical condition, including physical pain." IND.CODE § 35–41–1–4 (1998). The State does not have to prove that the victim suffered physical pain in

---

**3.** Tucker does not argue that the variance might subject him to double jeopardy. There-

fore, we will not address that issue.

order to prove that there was bodily injury. In *Hanic v. State*, 406 N.E.2d 335, 337–38 (Ind.Ct.App.1980), this court held that red marks, bruises and minor scratches constituted bodily injury, as defined in IC 35–41–1–4.

In the present case, the State admitted pictures into evidence showing a bruise on Gidget's arm, and the victim testified that Tucker grabbed her arm, resulting in a bruise. Record, 169. As in *Hanic*, we hold here that a bruise is a physical impairment, and, thus, constitutes bodily injury. Accordingly, because there is no serious evidentiary dispute as to whether the victim suffered bodily injury, the trial court did not abuse its discretion by rejecting Tucker's lesser included offense instruction.

Affirmed.

BAKER, J., and SULLIVAN, J., concur.