**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BERNICE A. N. CORLEY**
Appellate Panel Attorney
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Feb 03 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

ELMER J. BAILEY,                    )
                                    )
    Appellant-Defendant,           )
                                    )
          vs.                 )    No. 49A02-1106-CR-487
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.            )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark H. Rogers, Judge
Cause No. 49G17-1101-FD-4920

February 3, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Elmer J. Bailey poked his wife, Farrenquai, in the forehead with his index finger and shoved her as he entered their residence. He was charged and convicted with class D felony domestic battery. He appeals his conviction, arguing that Farrenquai did not suffer bodily injury as that term is defined by statute. We agree. We therefore reverse Bailey's conviction for class D felony domestic battery and remand with instructions to enter judgment of conviction for class B misdemeanor battery and for resentencing.

**Facts and Procedural History**

The facts most favorable to the judgment are that Bailey and Farrenquai have been together twenty years and married eleven. In the early morning hours of January 22, 2011, Bailey and Farrenquai each had three beers. Bailey "got mean." Tr. at 6. He called Farrenquai obscene names, threatened to knock out her teeth, and "poked" her in the forehead with his finger, causing her pain. *Id*. at 7-8. Farrenquai asked Bailey to leave, but he refused until she called the police. The police came to the residence, and Farrenquai told them what happened. While the police were there, Bailey telephoned Farrenquai three times. The police spoke to Bailey each time he called, and then they left.

Bailey soon returned to the residence. As he entered the house, he shoved Farrenquai out of the way, which hurt her. *Id*. at 13. Bailey again called Farrenquai obscene names and threatened her. Farrenquai again called the police. The police arrived and instructed Bailey to leave and Farrenquai to go back in the house and lock the door. Both did as instructed, and the police departed.

2

Farrenquai unlocked the door so that when Bailey returned he would not kick the door in or break open the windows. Three to five minutes after the police left, Bailey came back to the house. He resumed calling Farrenquai obscene names and "poking" her in the forehead with his finger, which hurt her. *Id*. at 12. Farrenquai called the police for the third time, and the police came to the residence. They asked Bailey to leave. Farrenquai told the police that they had already asked Bailey to leave and that he had come back. She asked the police, "What's going to have to happen? Somebody going to have to get hurt?" *Id*. at 13. The police then arrested Bailey.

On January 22, 2001, the State charged Bailey with class A misdemeanor domestic battery. Class A misdemeanor domestic battery is elevated to a class D felony pursuant to statute if the defendant has a previous conviction for domestic battery. The State also charged Bailey with class D felony domestic battery, alleging that Bailey had a previous conviction for domestic battery. Following a bench trial, the trial court found Bailey guilty of class A misdemeanor domestic battery.[1] Bailey stipulated to the existence of a prior domestic battery conviction. The trial court entered judgment of conviction for class D felony domestic battery. Bailey was sentenced to 730 days with twenty-three days' credit. Bailey appeals.

---

[1] Bailey was also charged with class A misdemeanor battery, but the trial court found him not guilty on that count based on double jeopardy grounds. Tr. at 21.

3

**Discussion and Decision**

Bailey contends that the evidence is insufficient to support his conviction. Our standard of review is well established:

> When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction. We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt.

*Staten v. State*, 844 N.E.2d 186, 187 (Ind. Ct. App. 2006) (citations omitted), *trans. denied*.

Domestic battery is governed by Indiana Code Section 35-42-2-1.3 and ranges in penal severity from a class A misdemeanor to a class D felony. To convict Bailey of class D felony domestic battery, the State first had to prove beyond a reasonable doubt all the elements of class A misdemeanor domestic battery. Specifically, the State had to prove that Bailey knowingly or intentionally touched his spouse in a rude, insolent, or angry manner that resulted in bodily injury to her. *See* Ind. Code § 35-42-2-1.3(a); Appellant's App. at 16. To enhance class A misdemeanor domestic battery to class D felony domestic battery, the State also had to prove that Bailey has a previous, unrelated domestic battery conviction. *See* Ind. Code § 35-42-2-1.3(a); Appellant's App. at 18. Bailey does not contest that he touched Farrenquai in a rude, insolent, or angry manner when he poked her in the forehead and shoved her as he entered the house. *See Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000) ("Any touching however slight, may constitute battery."). In fact, Bailey concedes that he committed class B misdemeanor battery. *See* Ind. Code § 35-42-2-1 ("A

4

person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor.").[2] Rather, Bailey argues that the evidence is insufficient to prove that Farrenquai sustained a bodily injury as a result of his rude, insolent, or angry touching. "Bodily injury" is statutorily defined as "any *impairment of physical condition,* including physical pain." Ind. Code § 35-41-1-4 (emphasis added).

The State argues that Farrenquai testified that she suffered pain as a result of Bailey's poking and shoving. Tr. at 8, 12-13. According to the State, "Farrenquai's testimony that she suffered pain from [Bailey's] poking and shoving–standing alone–was sufficient to establish bodily injury." Appellee's Br. at 6. The State's argument is based on the premise that any level of physical pain, no matter how slight and fleeting, constitutes bodily injury. We do not agree.

In *Lewis v. State*, 898 N.E.2d 429 (Ind. Ct. App. 2008), *trans. denied* (2009), the defendant argued on appeal that because the victim, Engelking, did not testify that he experienced physical pain, the evidence was insufficient to prove that Engelking suffered a bodily injury. Engelking testified that Lewis punched him in the face "pretty hard" and "it didn't feel good." *Id.* at 435 (citation omitted). Judge Vaidik concluded that the evidence supported a reasonable inference that Engelking felt physical pain, "thus experiencing bodily

---

[2] Bailey does not contest that he has a previous domestic battery conviction. However, there is no statutory authority to elevate a class B misdemeanor battery based on a previous battery or domestic battery conviction. *See* Ind. Code §§ 35-42-2-1, -1.3.

5

injury."[3]  *Id*.  On this issue, the author of this opinion concurred in result with a separate

opinion:

> I respectfully disagree, however, with [Judge Vaidik's analysis], to the extent it suggests that any degree of pain, no matter how slight, is sufficient to constitute an "impairment of physical condition" and therefore constitute "bodily injury" for purposes of Indiana Code Section 35-41-1-4.  I believe that something more than the mere sensation of pain is required; to hold otherwise is to read "impairment" out of the statute.
>
> That said, I believe that Engelking's testimony that Lewis "punched" him in the face "pretty hard" and that "it didn't feel good" is sufficient to establish that he suffered bodily injury.  We expect jurors to draw upon their own personal knowledge and experience in deciding guilt or innocence. *Carter v. State*, 754 N.E.2d 877, 882 (Ind. 2001), *cert. denied* (2002).  Anyone who has been punched "pretty hard" in the face would readily agree that such an impact is sufficiently painful to allow an inference of impairment and therefore bodily injury.  Therefore, I concur in result ….

*Id*. at 436 (Crone, J., concurring in result).[4]

We acknowledge that physical pain alone may constitute bodily impairment and that it

"is not necessary that some physical trauma to the body be shown."  *Lewis v. State*, 438

N.E.2d 289, 294 (Ind. 1982); *see also Hanic v. State*, 406 N.E.2d 335, 338 (Ind. Ct. App.

1980) (concluding that physical pain is considered a physical impairment).  However, Indiana

Code Section 35-41-1-4 does not define bodily injury simply as physical pain, but as "any

*impairment of physical condition*, including physical pain."  (Emphasis added.)  The State's

argument would render "impairment of physical condition" superfluous.  *See Zanders v.*

---

[3] We note that the State does not have to prove that the victim suffered physical pain in order to prove that there was bodily injury.  *Tucker v. State*, 725 N.E.2d 894, 897-98 (Ind. Ct. App. 2000), *trans. denied.* "[A] bruise is a physical impairment, and, thus, constitutes bodily injury."  *Id*. at 898.

[4] We note that there is not a majority opinion on this issue.  Judge Kirsch dissented on this issue with a separate opinion.  *Lewis*, 898 N.E.2d at 436-37 (Kirsch, J., dissenting).

*State*, 800 N.E.2d 942, 944-45 (Ind. Ct. App. 2003) (stating that the court on appeal will not interpret a statute in a manner that renders any part of it meaningless or superfluous). We conclude that for physical pain to constitute bodily injury for purposes of Indiana Code Section 35-41-1-4, the physical pain must be sufficient to rise to a level of "impairment of physical condition."

We now address whether the physical pain experienced by Farrenquai constitutes bodily injury. Both parties compare this case to *Mathis v. State*, 859 N.E.2d 1275 (Ind. Ct. App. 2007). The relevant facts there are that

> Mathis [] pushed Cook against the back door, yelled at her, and tried to take Cook's phone. Mathis's fourteen-year-old son went into the kitchen and pulled Mathis off Cook. When Cook ran into the living room to call 911, Mathis followed her, pushed her over the arm of the sofa, called her names, and told her to get out of the house. Cook, who was lying on her back on the sofa with Mathis on top of her, struggled with Mathis for ten minutes as she tried to call 911. Mathis grabbed Cook's hand that was holding the phone with his one hand and grabbed her hair with his other hand, and when Mathis's son tried to pull Mathis off Cook, Mathis hit Cook on the head with his fist.

*Id*. at 1278. When the police encountered Cook, she had no noticeable injuries, but "her clothing was in disarray." *Id*.

Mathis was convicted of class A misdemeanor battery. On appeal, he argued that there was insufficient evidence to support his conviction because Cook's testimony at trial was equivocal and contradictory. Another panel of this Court rejected Mathis's argument, concluding,

> At trial, Cook testified that Mathis pushed her against a door, pushed her on the sofa and laid [sic] on top of her, grabbed her hair, and hit her in the head. Cook further testified that Mathis's actions caused her to "hurt" and "kinda see[ ] stars for a second." This was sufficient evidence to show that Mathis

7

> knowingly or intentionally touched Cook in a rude, insolent, or angry manner and that it resulted in bodily injury to Cook pursuant to Indiana Code section 35-42-2-1

*Id.* at 1281 (citations omitted).

*Mathis* is clearly distinguishable from this case. The battery inflicted on the victim in *Mathis* differs in kind and extent from the battery that occurred here. The victim in *Mathis* struggled with her attacker for ten minutes, and he hit her on the head with his fist. In addition, the physical impact from the battery was of such a degree that the victim saw stars. We think there can be no dispute that seeing stars constitutes physical impairment.[5]

The State asserts that "*Mathis* does not stand for the proposition that a prolonged struggle is a prerequisite for sustaining [a class D felony domestic battery conviction]." Appellee's Br. at 6. That may be true, but the State does not cite any cases with facts similar to ours in which the court found that physical pain constituted bodily injury. Our own review of the case law does not reveal any such cases. In *Woods v. State*, 460 N.E.2d 503, 505 (Ind. 1984), our supreme court found sufficient evidence of bodily injury where the defendant grabbed the victim's hair and wrapped it around his hand like a rope and forced her to the ground causing her pain, and the victim lost hair from her head and suffered headaches for a month. In *Lewis*, our supreme court found sufficient evidence of physical pain constituting bodily injury where the defendant dragged the victim from the car into the house and repeatedly slapped and pushed her. 438 N.E.2d at 294. Lastly, in *Wilson v. State*, 835

---

[5] Bailey also cites *Gordon v. State*, 743 N.E.2d 376 (Ind. Ct. App. 2001). However, that case is irrelevant because the question of what constitutes bodily injury was not at issue there.

N.E.2d 1044, 1050 (Ind. Ct. App. 2005), *trans. denied*, another panel of this Court found sufficient evidence of physical pain constituting bodily injury where the victim was punched in her arm. The battery inflicted on these victims differs in kind and extent from the battery that occurred here.

In the instant case, Bailey poked Farrenquai in the forehead and shoved her. We observe that there is no evidence that she fell, stumbled, or lost her balance from being shoved. She testified that she experienced physical pain from being poked and shoved. On appeal, we neither reweigh the evidence nor judge the credibility of witnesses. *Staten*, 844 N.E.2d at 187. Considering only the evidence favorable to the judgment and the reasonable inferences to be drawn therefrom, we conclude that the particular facts of this case do not show that Farrenquai's physical pain was anything more than slight and fleeting, and therefore her physical pain was insufficient to constitute physical impairment. As such, Farrenquai did not suffer bodily injury. Accordingly, we conclude that the evidence was insufficient to convict Bailey of class D felony domestic battery. We therefore reverse Bailey's conviction for class D felony domestic battery and remand for the trial court to enter judgment of conviction for class B misdemeanor battery and for resentencing.[6]

Reversed and remanded.

MAY,J., and BROWN,J., concur.

---

[6] Given our resolution of this issue, we need not address Bailey's argument that his sentence was inappropriate based on the nature of the offense and his character.

9