## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 22 2016, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rodolfo S. Monterrosa, Jr.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jimmy Isbell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 22, 2016 <br><br> Court of Appeals Case No. 71A03-1509-CR-1333 <br><br> Appeal from the St. Joseph County Court <br><br> The Honorable Jenny Pitts Manier, Judge <br> The Honorable Elizabeth Hardtke, Magistrate <br><br> Trial Court Cause No. 71D06-1507-CM-2380 |

**Barnes, Judge.**

# Case Summary

Jimmy Isbell appeals his conviction for Class A misdemeanor battery. We affirm.

# Issues

The issues before us are:

    I.     whether Isbell's statement to a police officer should have been suppressed because of an alleged *Miranda* violation; and

    II.    whether there is sufficient evidence to sustain Isbell's conviction.

# Facts

On July 2, 2015, Assistant Police Chief Charles Kulp of the Walkerton Police Department was dispatched to the Walkerton Municipal Building. There, Kulp encountered Isbell and Sherri Madi. Madi was crying, upset, and bleeding from her face. Kulp approached Isbell and asked him if he had hit Madi, and he admitted that he had. At the time Kulp asked this question, Isbell was not in handcuffs or in Kulp's police car, and Kulp had not told Isbell he was not free to leave. Kulp did not notice any visible injuries on Isbell, nor did Isbell tell Kulp that Madi had struck him first.

The State charged Isbell with Class A misdemeanor battery. At Isbell's bench trial, he objected to Kulp's testimony relating Isbell's admission that he struck Madi because he had not been Mirandized at the time he made it. The trial court overruled this objection. During his testimony, Isbell claimed he acted in self-defense in response to Madi's kicking him and putting out a lit cigarette on his forehead. The trial court rejected this defense and found Isbell guilty as charged. He now appeals.

## Analysis

### I. Admissibility of Statement

Isbell first contends the trial court should have suppressed his admission to Kulp that he struck Madi.[1] Because Isbell is appealing his conviction and not denial of a pretrial motion to suppress, the question before us is whether the trial court abused its discretion in admitting his statement to Kulp into evidence. *See Hicks v. State*, 5 N.E.3d 424, 427 (Ind. Ct. App. 2014), *trans. denied*. The trial court has broad discretion in ruling on the admissibility of evidence, and we will reverse such a ruling only when it abuses that discretion. *Id.* An abuse of discretion occurs only if a trial court's ruling is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Id.* Regardless of whether the challenge is made

---

[1] The State argues in part that Isbell waived this challenge because he did not immediately move to suppress Kulp's testimony regarding Isbell's statement, but instead waited until Kulp's cross-examination to do so. We need not resolve whether Isbell adequately preserved his claim of error, as we readily conclude that the trial court properly denied the motion to suppress and overruled Isbell's objection.

through a pretrial motion to suppress or by an objection at trial, we do not reweigh the evidence, and we consider conflicting evidence in a light most favorable to the trial court's ruling, but we may also consider any undisputed evidence that is favorable to the defendant. *Id.*

[6] Isbell argues that Kulp was required to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), before asking whether he had struck Madi. Police must advise a suspect of his *Miranda* rights only if he or she is subjected to custodial interrogation. *Hicks*, 5 N.E.3d at 428-29. In determining whether a suspect was in custody for *Miranda* purposes, the ultimate inquiry is whether there was a formal arrest or a restraint on freedom of movement of a degree associated with a formal arrest. *Id.* at 429. Courts must examine whether a reasonable person in similar circumstances would believe he or she is not free to leave. *Id.* The objective circumstances are controlling, not the subjective views of the interrogating officer or the suspect. *Id.* The mere fact that police suspect an individual of having committed a crime does not inherently turn questioning into custodial interrogation, particularly if that suspicion is not communicated. *State v. Hicks*, 882 N.E.2d 238, 242 (Ind. Ct. App. 2008).

[7] Not all police questioning pursuant to a seizure and brief investigative detention amounts to custodial interrogation for *Miranda* purposes. *Jones v. State*, 655 N.E.2d 49, 55 (Ind. 1995). Specific factors that may be considered in determining whether a suspect was subject to custodial interrogation include:

whether and to what extent the person has been made aware that he is free to refrain from answering questions; whether there has been prolonged, coercive, and accusatory questioning, or whether police have employed subterfuge in order to induce self-incrimination; the degree of police control over the environment in which the interrogation takes place, and in particular whether the suspect's freedom of movement is physically restrained or otherwise significantly curtailed; and whether the suspect could reasonably believe that he has the right to interrupt prolonged questioning by leaving the scene.

*Bean v. State*, 973 N.E.2d 35, 40 (Ind. Ct. App. 2012) (citing *Sprosty v. Buchler*, 79 F.3d 635, 641 (7th Cir. 1996), *cert. denied*), *trans. denied*.

[8] There is insufficient evidence that Isbell was in custody when Kulp asked him whether he had hit Madi. The record indicates that Kulp first asked Madi who had hit her, and after receiving an answer, Kulp approached Isbell and immediately asked whether he had hit her. The question was asked in public and as part of a brief, on-the-scene investigation. Kulp did not physically restrain Isbell or place him in a police car prior to the question, nor did Kulp tell Isbell he was not free to leave. These factors demonstrate that Isbell was not in custody when he admitted to Kulp that he hit Madi. Thus, Isbell was not entitled to *Miranda* protections at that time. *See, e.g.*, *Hicks*, 882 N.E.2d at 243 (asking apparently intoxicated individual whether she had been driving car was not custodial interrogation where questioning was brief and took place in public setting in front of other individuals). The trial court properly overruled Isbell's objection to Kulp's testimony.

## II. Sufficiency of the Evidence

[9]     Isbell also contends there is insufficient evidence to sustain his conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We consider only the evidence and reasonable inferences drawn therefrom that support the conviction and will affirm if there is probative evidence from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt. *Id.*

[10]    Isbell first argues there is insufficient evidence Madi sustained any bodily injury. Battery is elevated from a Class B to a Class A misdemeanor if it results in bodily injury to the victim. Ind. Code § 35-42-2-1(d)(1). "'Bodily injury' means any impairment of physical condition, including physical pain." I.C. § 35-31.5-2-29. Isbell notes that Madi did not testify at trial and, thus, there was no direct evidence that she suffered any pain as a result of the battery. However, "[t]he State does not have to prove that the victim suffered physical pain in order to prove that there was bodily injury." *Tucker v. State*, 725 N.E.2d 894, 897-98 (Ind. Ct. App. 2000), *trans. denied*. A bruise may constitute a bodily injury, as may red marks and minor scratches. *Id.* at 898 (citing *Hanic v. State*, 406 N.E.2d 335, 337-38 (Ind. Ct. App. 1980)). Here, the State introduced photographs showing blood on Madi's face as a result of the battery, also blood appeared to have dripped onto her shirt, and small lacerations on her face. Even without Madi's testimony that she suffered pain, this is sufficient evidence to prove that she sustained bodily injury as a result of the battery.

[11] Isbell also claims there was insufficient evidence to rebut his claim of self-defense. "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2(c). When a person raises a claim of self-defense in a case not involving deadly force, he is required to show three facts: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of the imminent use of unlawful force. *Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014), *trans. denied*. When self-defense is raised, the State must disprove one of these three elements beyond a reasonable doubt. *McCullough v. State*, 985 N.E.2d 1135, 1138 (Ind. Ct. App. 2013), *trans. denied*. The State may do this by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or simply by relying on its case in chief. *Id.* "If a person is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt." *Id.* A fact-finder is not required to accept a defendant's self-serving testimony. *Fitzgerald v. State*, 26 N.E.3d 105, 110 (Ind. Ct. App. 2015).

[12] Isbell testified that he struck Madi after she had been kicking him and after she pressed a lit cigarette into his forehead, allegedly because she was jealous over a female acquaintance of Isbell's. At trial, Isbell apparently did have a visible mark of some kind on his forehead. However, Kulp testified that he did not see any injuries on Isbell at the time of the incident, nor did Isbell mention to Kulp having any injuries or that Madi had attacked him first. The trial court was

under no obligation to accept Isbell's testimony, particularly in light of Kulp's testimony.  We cannot say the trial court acted unreasonably in rejecting Isbell's self-defense claim.

## Conclusion

[13] The trial court did not err in overruling Isbell's objection to Kulp's testimony relating Isbell's admission to hitting Madi, and there is sufficient evidence to sustain his conviction for Class A misdemeanor battery.  We affirm.

[14] Affirmed.

Riley, J., and Bailey, J., concur.