

IN THE

# Court of Appeals of Indiana

Erica Anders,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Jun 22 2026, 9:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

June 22, 2026

Court of Appeals Case No.
25A-CR-3171

Appeal from the Marion Superior Court

The Honorable Matthew E. Symons, Magistrate

The Honorable Helen W. Marchal, Judge

Trial Court Cause No.
49D26-2506-CM-18203

**Opinion by Chief Judge Tavitas**
Judges Bradford and Felix concur.

**Tavitas, Chief Judge.**

## Case Summary

Erica Anders was found guilty of battery resulting in bodily injury, a Class A misdemeanor. On appeal, Anders argues that there was a material variance between the charging information and the evidence presented at trial and that her defense was prejudiced as a result of the variance. We disagree and, accordingly, affirm.

## Issue

Anders raises one issue, which we restate as: whether there was a material variance between the charging information and the evidence presented at trial that prejudiced Anders' defense.

## Facts

On April 28, 2025, Shannon Germaine went outside to observe the roofers working on her neighbor's house. Anders[1] approached Germaine and swore at Germaine. Anders hit Germaine on the head and eye, knocked Germaine's glasses off, pulled out some of Germaine's hair, and tried to kick Germaine. Anders then ran away. Germaine had redness and swelling above her eyebrow and a bump on her head.

---

[1] Anders was the current girlfriend of Germaine's ex-partner.

[4] On June 13, 2025, the State charged Anders with battery resulting in bodily injury, a Class A misdemeanor. The charging information stated: "On or about April 28, 2025, Erica Anders did knowingly touch Shannon Germain[e] in a rude, insolent, or angry manner by **punching, kicking, and stomping** her resulting in bodily injury, that is: pain and/or abrasions and/or contusions and/or welts, and/or redness; . . . ." Appellant's App. Vol. II p. 10 (emphasis added).

[5] At the bench trial, Germaine testified regarding the encounter. The State rested its case, and Anders then requested a directed verdict. Anders argued that Germaine's identification of Anders was questionable, that Germaine's injuries did not amount to bodily injury, and that the evidence was uncorroborated and inconsistent. Anders argued that the State did not meet its burden to prove that Anders kicked and stomped Germaine. The trial court denied Anders' motion. Anders then testified and claimed self-defense.

[6] On November 17, 2025, the trial court found Anders guilty as charged and sentenced her to 364 days with all days suspended and 180 days of probation. Anders now appeals.

## Discussion and Decision

[7] Anders argues that there was a material variance between the evidence presented at trial and the charging information. "The allegations in the pleading and the evidence used at trial must be consistent with one another" because "the charging information advises a defendant of the accusations

against [her]." *Blount v. State*, 22 N.E.3d 559, 569 (Ind. 2014) (citing *Simmons v. State*, 585 N.E.2d 1341, 1344 (Ind. Ct. App. 1992)). "A variance is an essential difference between the two." *Id.* (citing *Mitchem v. State*, 685 N.E.2d 671, 677 (Ind. 1997)). "Relief is required only if the variance (1) misled the defendant in preparing a defense, resulting in prejudice, or (2) leaves the defendant vulnerable to future prosecution under the same evidence." *Id.* (citing *Winn v. State*, 748 N.E.2d 352, 356 (Ind. 2001)). "[F]ailure to make a specific objection at trial waives any material variance issue." *Reinhardt v. State*, 881 N.E.2d 15, 17 (Ind. Ct. App. 2009); *see also Utley v. State*, 91 N.E.2d 355, 357 (Ind. 1950).

[8] A charging information must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged," Ind. Code § 35-34-1-2(e), and "'must be sufficiently specific to apprise the defendant of the crime for which [she] is charged and to enable [her] to prepare a defense.'" *Mathews v. State*, 978 N.E.2d 438, 444-45 (Ind. Ct. App. 2012) (quoting *Bonner v. State*, 789 N.E.2d 491, 493 (Ind. Ct. App. 2003)), *trans. denied*. The State may, but is not required to, "'include detailed factual allegations in the charging instrument.'" *Reinhardt,* 881 N.E.2d at 18 (quoting *Bayes v. State*, 779 N.E.2d 77, 80 (Ind. Ct. App. 2002), *trans. denied*). An allegation is surplusage when the specific facts alleged "could have been entirely omitted without affecting the sufficiency of the charge against the defendant." *Winn*, 748 N.E.2d at 356 (quoting *Mitchem*, 685 N.E.2d at 676).

[9] Here, Anders was charged with battery resulting in bodily injury, which requires a (1) knowing or intentional (2) touching (3) of another (4) in a rude,

insolent, or angry manner (5) resulting in bodily injury to another person. Ind. Code § 35-42-2-1(c)-(d). The information here alleged: "On or about April 28, 2025, Erica Anders did knowingly touch Shannon Germain[e] in a rude, insolent, or angry manner by **punching, kicking, and stomping** her resulting in bodily injury. . . ." Appellant's App. Vol. II p. 10 (emphasis added).

[10] Anders argues that the State did not prove the kicking and stomping as alleged in the information and that this was a material variance. We, however, find that the descriptive terms within the charge—"punching, kicking, and stomping"—are unnecessary for a valid charge of battery resulting in bodily injury, and the State could have omitted them without affecting the charge's validity. As such, the descriptive terms are surplusage, and we may disregard them.

[11] This language is similar to the surplusage in *Winn*. There, our Supreme Court found that, if the surplus language, "'refusing to let her leave,'" was omitted from the charging information, the remaining language, "the defendant 'did knowingly, while armed with a deadly weapon, that is: rifle, confine [M.S.], without the consent of [M.S.], by laying next to her with a rifle,'" would have been sufficient to charge Winn with criminal confinement. 748 N.E.2d at 357 (quoting the trial record). Here, if we remove the surplus language, "by punching, kicking, and stomping her," the remaining language, "Anders did knowingly touch Shannon Germain[e] in a rude, insolent, or angry manner . . . resulting in bodily injury," would have been sufficient to charge Anders with battery.

[12] Even if the language was not mere surplusage, we conclude that there was no material variance. This Court has held in battery cases that the form of touching does not necessarily create a material variance. In *Tucker v. State*, this Court found that it was not a material variance when the charging information alleged that Tucker elbowed an officer in the face, but the officer testified at trial that Tucker's elbow struck the officer's chest. The Court found that Tucker knew "that he was charged with striking an officer regardless of where the blow landed." 725 N.E.2d 894, 896-97 (Ind. Ct. App. 2000), *trans. denied*. Similarly, in *Rupert v. State*, this Court held that a variance between the charging information and the trial evidence was not material when the defendant had adequate notice of the charge to prepare a defense and the variance only concerned the form of deviate sexual conduct. 717 N.E.2d 1209, 1212 (Ind. Ct. App. 1999) (finding no material variance between the charging information, which alleged fellatio, and the evidence at trial, which demonstrated sucking the scrotum).

[13] Similar to *Tucker*, where the form of the strike was not material, here, Anders knew that she was charged with rudely touching Germaine, regardless of how Anders struck Germaine. Further, like in *Rupert*, the precise form of the touching was immaterial. Here, although the charging information alleged punching, kicking, and stomping and the trial evidence showed punching, hitting, and pulling hair, the difference was not material because the charge identified the incident at issue and gave Anders adequate notice to present a defense.

Anders further argues that she was prejudiced because defense counsel believed that Anders only needed to rebut the kicking and stomping. Trial counsel, however, argued self-defense, that the evidence was inconsistent and uncorroborated, and that Germaine misidentified Anders. Anders' defense strategy did not turn on the method by which Anders rudely touched Germaine.

In *Broude v. State*, this Court found that Broude's defense was not prejudiced when Broude denied all sexual touching; his defense "would have been the same no matter the factual nature of the child molesting allegations." 956 N.E.2d 130, 136 (Ind. Ct. App. 2011), *trans. denied*. Conversely, in *Blackmon v. State*, the charging information alleged that Blackmon's motivation for intimidating Courtway, his neighbor, was that Courtway *caught* Blackmon stealing water from Courtway's outdoor spigot; at trial, the State argued that Blackmon was motivated to intimidate Courtway because Courtway *confronted* Blackmon about the stealing. 32 N.E.3d 1178, 1184-86 (Ind. Ct. App. 2015). We found a fatal variance between the words "catch" and "confront" because the defendant's opening statement and cross-examination focused on whether Courtway "caught" Blackmon stealing. *Id.* This impact on Blackmon's defense demonstrated prejudice. *Id*.

Similar to the defense strategy in *Broude*, here, Anders' defense would have been the same no matter the factual nature of the alleged rude touching. Anders' defense was not prejudiced. This case is dissimilar to *Blackmon*, because Blackmon's defense was based on the variance itself, and, here,

Anders' defense did not depend on the variance. Thus, there was no material variance between the charging information and the evidence presented at trial.

[17] Accordingly, we conclude that the language at issue was mere surplusage and that there was no material variance.[2]

## Conclusion

[18] We conclude that there was no material variance. Accordingly, we affirm.

[19] Affirmed.

Bradford, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Steven J. Halbert
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

---

[2] Anders does not argue that the variance might subject her to double jeopardy. Therefore, we need not address that issue. *See Tucker*, 725 N.E.2d at 897 n.3.