**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 20 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERIC KOSELKE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANNY L. WEAVER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 28A01-1111-CR-582 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GREENE CIRCUIT COURT
The Honorable Erik C. Allen, Judge
Cause No. 28C01-1105-FA-96

**June 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Danny L. Weaver appeals the forty-year sentence that was imposed following his guilty plea to Child Molesting,[1] a class A felony. Specifically, Weaver argues that the trial court abused its discretion in sentencing him because two aggravating circumstances were improperly identified in support of the sentence, and his sentence was inappropriate when considering the nature of the offense and his character. Weaver requests that we revise his sentence to a total of thirty years with ten years suspended.

Concluding that Weaver was properly sentenced, we affirm the judgment of the trial court.

FACTS

In December 2010, Weaver was living with his wife, his daughter, Christy, and his granddaughter, twelve-year-old A.H., in Bloomfield. The State alleged that sometime between September and December of that year, Weaver committed numerous acts of deviate sexual conduct with A.H. Weaver was accused of performing oral sex on A.H., and fondling her breasts and vaginal area. It was also alleged that Weaver submitted to fondling by A.H.

On May 18, 2011, the State charged Weaver with two counts of child molesting, both class A felonies, alleging that Weaver "did perform or submit to deviate sexual conduct with A.H.," and one count of child molesting, a class C felony. Appellant's App. p. 10.

---

[1] Ind. Code § 35-42-4-3(A)(1).

2

On September 14, 2011, the State and Weaver entered into a plea agreement, which provided that Weaver would plead guilty to child molesting, a class A felony, that was alleged in Count II. In exchange, the State agreed to dismiss the remaining charges. The terms of the plea agreement left sentencing to the trial court's discretion, with the provision that any non-suspended portion of the sentence would not exceed thirty years.

At the change of plea hearing on October 18, 2011, the trial court advised Weaver of the elements of the crime to which Weaver was pleading guilty and the possible penalties for the crime. The trial court advised Weaver of the rights he was waiving by entering the plea and determined that Weaver was entering the plea freely and voluntarily. Weaver established a factual basis for his plea, and the trial court accepted it. The trial court entered a judgment of conviction for class A felony child molesting as charged in Count II of the information.

During the sentencing hearing that commenced that same day, the trial court heard and considered the testimony of Weaver's daughters. The trial court also received letters from A.H. and her mother concerning the changes in A.H.'s behavior as a result of Weaver's acts. The trial court also heard testimony from Weaver's wife and a friend of the family regarding A.H.'s inappropriate behavior following the incidents with Weaver.

Defense counsel pointed out that Weaver had a very minor criminal history that included convictions for the unauthorized control of a motor vehicle in 1965 and retail fraud in 2002. Weaver also claimed that he never forced or coerced A.H.'s participation

in the offenses and denied that he was a sexual predator. Weaver also pointed out that he pleaded guilty to the charged offense and accepted responsibility for his actions.

The trial court identified as aggravating circumstances that Weaver was in a position of having custody and control over A.H. and, as A.H.'s grandfather, Weaver violated his position of trust with her. It was also determined that the State demonstrated that the harm and damage A.H. suffered were significant and greater than that which other victims of child molestation might sustain in light of the emotional trauma and changes in behavior that A.H. exhibited. The trial court found that Weaver's criminal history was an aggravating factor, but assigned only minimal weight to that circumstance in light of the age of the convictions and the nature of the offenses that were unrelated to child molestation.

The trial court considered Weaver's decision to plead guilty and his acceptance of responsibility for the offense as mitigating factors. However, those factors were afforded only minimal weight because Weaver tried to hide his crime by manipulating A.H., by telling her that her mother would go to jail if the crime was reported or divulged to anyone. Finally, the trial court assigned little weight to Weaver's medical issues and his discharge from the military after a month's enlistment as mitigating factors.

The trial court then determined that the aggravating circumstances outweighed the mitigating factors and sentenced Weaver to forty years of incarceration at the Department

4

of Correction with ten years suspended and five years of supervised probation.[2]  Weaver now appeals.

DISCUSSION AND DECISION

I.  Abuse of Discretion

Weaver argues that the sentence must be set aside because the trial court abused its discretion in finding that Weaver was in a position of care, custody, and control of A.H. Therefore, Weaver claims that his alleged breach of a position of trust with A.H. was improperly identified as an aggravating factor.   Weaver also contends that the trial court abused its discretion in finding, as an aggravating circumstance, that A.H. suffered harm and trauma apart from that which other victims of child molestation suffer.

We first note that sentencing decisions are within the sound discretion of the trial court.  Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218.  However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490–91.  While the reasons or omission of reasons given for choosing a

---

[2] In accordance with Indiana Code section 35-50-2-4, the minimum term for a class A felony is twenty years, the maximum is fifty years, and the advisory sentence is thirty years.

5

sentence are reviewable on appeal for an abuse of discretion, the weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id.

We also note that a single aggravating circumstance may be sufficient to sustain an enhanced sentence. Workman v. State, 716 N.E.2d 445, 449 (Ind. 1999). When a sentencing court improperly applies an aggravating circumstance, but other valid aggravating circumstances do exist, a sentence enhancement may still be upheld. Hackett v. State, 716 N.E.2d 1273, 1278 (Ind. 1999).

In addressing Weaver's claims, we note that a defendant's commission of an offense while he or she "was in a position of having care, custody, or control of the victim of the offense," is a valid aggravating circumstance. Ind. Code § 35-38-1-7.1(a)(8). For this factor to apply, the statute does not require a parent or guardian to give explicit consent for the defendant to be in a position having care, custody, or control of the victim at the time the offense was committed. Id.

As noted above, Weaver, who was retired, shared a house with his wife, daughter, and granddaughter, A.H. Weaver, who was the only male in the house, had personal contact with A.H. on a daily basis. Tr. p. 10. Weaver exercised a certain amount of care and control over A.H., and he would "wrestle around" with her nearly every day. Id. at 11-12. During one of these occasions, Weaver engaged in deviate sexual conduct with A.H. Indeed, Weaver occupied a position of trust with A.H., and the trial court recognized the traumatizing nature of Weaver's actions. Tr. p. 48-49. In our view, the trial court properly found that Weaver's position of trust and having some control and

6

care over A.H. when committing the offense was a valid aggravating circumstance in these circumstances.

Weaver also argues that the trial court abused its discretion in identifying the harm and injury that A.H. suffered as an aggravating factor because there was no showing that the damage she sustained exceeded that which other victims of child molestation would endure. Generally, the impact that a victim or a family experiences as a result of a particular offense is accounted for in the advisory sentence. Mitchem v. State, 685 N.E.2d 671, 678 (Ind. 1997). To validly use victim impact evidence to enhance an advisory sentence, the trial court must explain why the impact in the case at hand exceeds that which is normally associated with the offense. Simmons v. State, 746 N.E.2d 81, 91 (Ind. Ct. App. 2001).

In this case, the trial court relied on the testimony of A.H.'s aunt, Lee Ann Wallace, and letters from A.H. and her mother, Christy Weaver, at the sentencing hearing. Tr. p. 14-17. Wallace testified that Weaver's acts of deviate sexual conduct destroyed A.H.'s self-esteem. Id. at 14. It was also determined that A.H. had been in counseling, had been wetting her bed, and had "shut herself off from everyone." Id. Christy wrote that A.H. struggled every day, was extremely shy, and did not trust anyone because of Weaver's acts. Id. at 14-15.

We embrace the notion that a certain amount of fear, trauma, and shyness will be expected of child molest victims. However, in our view, the trial court could reasonably conclude that A.H.'s bed wetting, totally shutting herself off from everyone, and an

7

inability to trust anyone, amounts to harm and injury that exceeds what is typically associated with the offense of child molesting. Therefore, the trial court did not err in identifying such distinct and additional harm that A.H. suffered as an aggravating factor. For all of these reasons, we cannot say that the trial court abused its discretion in sentencing Weaver.

## II. Inappropriate Sentence

Weaver also contends that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). But we give due consideration to that decision. Id. We also understand and recognize the unique perspective that a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade us that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

8

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

As for the nature of the offense, the record shows that sixty-three-year-old Weaver sexually molested his twelve-year-old granddaughter. Weaver occupied a special position of trust with A.H., and he breached that trust. Weaver threatened A.H. by telling her that her mother would go to jail if A.H. ever told anyone about the molestation. Indeed, Weaver's threats of jail delayed A.H.'s reporting of Weaver's criminal activity. In short, Weaver's nature of the offense argument avails him of nothing.

As for Weaver's character, the record shows that he sexually molested one of the most vulnerable members of his family. Weaver destroyed his position of trust that he had with A.H. by committing the acts of deviate sexual conduct. And in light of Weaver's threats to A.H. that her mother would go to jail if she told anyone about the incidents, he has shown himself to be manipulative and selfish. In short, Weaver has failed to persuade us that his forty-year sentence is inappropriate in light of the nature of the offense and his character.

The judgment of the trial court is affirmed.

KIRSCH, J., concurs.

BROWN, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANNY L. WEAVER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 28A01-1111-CR-582 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**BROWN, Judge, dissenting**

I respectfully dissent from the majority's determination that Weaver's aggravated forty year sentence is not inappropriate considering the nature of the offense and the character of the offender.

As to the nature of the offense, which consisted of touching and placing his mouth on twelve year old A.H.'s breasts and vaginal area, there was no evidence of physical force or threat of force, nor was there evidence of penetration or physical injury. The threat that was communicated was to prevent discovery of the molestation, not to facilitate commission of the offense. The impact of the act was not beyond that which might normally arise from child molestation, and the victim impact statement submitted

11

by A.H.'s mother claimed $450.00 for counseling sessions. As to frequency and duration, the probable cause affidavit contains information from A.H. that there was more than one instance of molestation and that it occurred in the short time Weaver and his wife lived with A.H. and her mother.

As to the character of the offender, Weaver is not among the worst of the worst. His criminal history spanning the sixty-three years of his life reveals three misdemeanor convictions, two of which occurred over forty years ago, none involving crimes against the person, violence, or threat of force. His most recent conviction ten years ago was for the equivalent of shoplifting. He had no history of other arrests or charges. He admitted his guilt. The evaluation conducted by probation showed that he "fell into the low risk level." Appendix at 75. The record does not support that Weaver would be a continuing threat to society if he served a shorter sentence or that he would not positively respond to the rehabilitation of a minimum sentence of twenty years executed. He worked all his life until retirement. He volunteered for the military. He has medical issues. Given his age, the sentence imposed may be the equivalent of a life sentence.

For these reasons I would find the sentence inappropriate and reverse and remand for imposition of the advisory thirty year sentence with ten years suspended. See Laster v. State, 918 N.E.2d 428, 436 (Ind. Ct. App. 2009) (revising a defendant's aggregate sentence for multiple counts of child molesting from sixty-four years to thirty-six years based upon the fact that he had no criminal history and that there was one victim).

12