Eric TAYLOR, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9710–CR–525.

Supreme Court of Indiana.

July 9, 1998.

**52**

Patricia Caress McMath, Appellate Public Defender, Indianapolis, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Judge.

The defendant, Eric Taylor, appeals his conviction for the murder[1] of Mattie Smith ("Smith"). In this direct appeal, he raises a single issue: whether the trial court erroneously admitted hearsay evidence in violation of his right to confront witnesses.

At trial, the State sought to introduce the statements Smith made to her mother, her mother's boyfriend, and a police officer, after she had been stabbed. The evidence at trial showed that Smith had dated the defendant in the past but had broken up with him a few weeks prior to the murder. Smith was living in her mother's home on the day of the murder when Smith's mother, Ruth Peterson ("Peterson"), was awakened at approximately 5:00 a.m. by the sound of screaming or "hollering." Record at 198, 235. When Peterson went into the stairway, she saw Smith bleeding around her neck or chest. While Peterson and her boyfriend, Tommy Coach ("Coach"), tried to stop the bleeding, Smith identified the defendant as the man who stabbed her in the neck. When Officer Thomas Shaffer arrived at the scene, he was directed to where Smith was awaiting medical attention. He testified that she "appeared very scared," and that she also identified the defendant as the person who stabbed her. Record at 260. When this evidence was offered at trial, the defendant timely objected, but the court overruled the objections and allowed Smith's statements be presented to the jury.

On appeal, the defendant contends that these statements were inadmissible hearsay. While he claims that this violates his right to confront witnesses, he also concedes that this right is not violated if the evidence fits within an established hearsay exception. At trial the statements were admitted under the excited utterance exception to the hearsay rule.

The defendant argues that the statements do not fall within this exception because there is no indication of the time between the stabbing and her statements and because there was no evidence that Smith was still under the stress of excitement.

We review claims of erroneous evidentiary rulings for an abuse of discretion, *Yamobi v. State*, 672 N.E.2d 1344, 1346 (Ind. 1996), and only reverse "where the decision is clearly against the logic and effect of the facts and circumstances." *Joyner v. State*, 678 N.E.2d 386, 390 (Ind.1997). Hearsay is admissible under the excited utterance rule when the statement relates "to a startling event or condition while the declarant was under the stress of excitement caused by the event or condition." Ind.Evidence Rule 803(2). The amount of time that has passed between the event and the statement is not dispositive. *Yamobi*, 672 N.E.2d at 1346. The issue is "whether the declarant was still under the stress of excitement caused by the startling event when the statement was made." *Id.*

Here there were facts and circumstances to suggest that Smith was still under the stress of excitement. The testimony established that Smith screamed or "hollered" for help and that, immediately after doing so, told both Peterson and Coach that the defendant stabbed her. Officer Shaffer testified that she appeared to be very scared when she identified the defendant as her attacker. Additionally, evidence presented at a hearing on the admissibility of the statements showed that there was relatively little blood in the area of the stabbing, thus indicating that the victim spent little time between the stabbing and seeking help. We decline to find that the trial court abused its discretion in finding that Smith was still under the stress of excitement when she made those statements.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.

---

**1.** IND.CODE § 35–42–1–1 (1993).