Kevin MATHIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0604–CR–316.

Court of Appeals of Indiana.

Jan. 18, 2007.

William F. Thoms, Jr., Thoms & Thoms, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Kevin Mathis appeals from his convictions for Battery,[1] a class A misdemeanor, and Interference with the Reporting of a Crime,[2] a class A misdemeanor following a bench trial. Specifically, Mathis argues that the trial court erred in admitting the testimony of a police officer and that the evidence was insufficient to support his convictions. Concluding that the trial court's admission of the police officer's testimony was not re-

1. Ind.Code § 35–42–2–1.

2. Ind.Code § 35–45–2–5.

versible error and that the evidence was sufficient to support his convictions, we affirm the trial court's judgment.

## FACTS

On January 2, 2006, Mathis was living with his girlfriend, Janet Cook. Mathis sent Cook out to do laundry, and when she returned around 11:15 p.m., Mathis was drunk, and the two began to argue. As they were arguing in the kitchen, Mathis told Cook to get out of his house, but Cook refused. Mathis grabbed some of Cook's boxes to throw out of the house, and Cook tried to call 911 on her cell phone. Mathis then pushed Cook against the back door, yelled at her, and tried to take Cook's phone. Mathis's fourteen-year-old son went into the kitchen and pulled Mathis off Cook. When Cook ran into the living room to call 911, Mathis followed her, pushed her over the arm of the sofa, called her names, and told her to get out of the house. Cook, who was lying on her back on the sofa with Mathis on top of her, struggled with Mathis for ten minutes as she tried to call 911. Mathis grabbed Cook's hand that was holding the phone with his one hand and grabbed her hair with his other hand, and when Mathis's son tried to pull Mathis off Cook, Mathis hit Cook on the head with his fist. Once freed from Mathis, Cook, who had been arguing with Mathis for one hour, took her dogs and ran out of the house.

Around 12:30 a.m., Indianapolis Police Officer Christopher Kunz received a dispatch regarding a "report of a disturbance" at Mathis's house and arrived on the scene within fifteen minutes. Tr. p. 10. Mathis was not at the house when Officer Kunz arrived, but another person was there with Cook. Officer Kunz immediately talked with Cook, who was "very upset," "emotional," crying, and had her clothing in disarray. *Id.* at 6. According to Officer Kunz, Cook "calmed down" after his arrival and "felt safer when she was able to gain control of her emotions." *Id.* at 9. Cook then told Officer Kunz that Mathis hit her in the head and prevented her from calling 911, but Officer Kunz did not see any noticeable injuries on Cook.

The State charged Mathis with class D felony domestic battery, class A misdemeanor battery, and class A misdemeanor interference with the reporting of a crime. During a bench trial that commenced on March 13, 2006, Officer Kunz testified that he received a dispatch regarding a domestic disturbance, arrived on the scene approximately fifteen minutes after receiving the dispatch, and encountered Cook, who was "very upset and emotional[,]" "was crying[,]" and had her clothing "in disarray." *Id.* at 6, 9. When Officer Kunz attempted to testify regarding what Cook told him when he arrived on the scene, Mathis objected based on hearsay. The State responded that Officer Kunz's testimony was admissible based upon the excited utterance exception to hearsay. The trial court overruled Mathis's objection and specifically stated:

> I am going to allow [Officer Kunz's] testimony. I will find there was a relatively brief period of time between the report of the dispatch and the time the officer arrived. He spoke with the alleged victim immediately and she was very upset and crying, her clothing was disheveled and in disarray which led the officer to believe there had been an event that had caused the distress and that she was still under the impact so I will allow the testimony.

*Id.* at 12. Officer Kunz then testified regarding his interview with Cook. Cook also testified at the bench trial, and she testified that Mathis had hit her and prevented her from calling 911.

The trial court found Mathis guilty of battery and interference with the reporting of a crime but not guilty of domestic battery. The trial court then sentenced Mathis to the Marion County Jail for an aggregate term of 365 days with 276 days suspended to probation. Mathis now appeals his convictions.

## DISCUSSION AND DECISION

### I. Admission of Evidence

Mathis first argues that the trial court erred by admitting Officer Kunz's testimony regarding what Cook told him because Cook's statements to the officer were inadmissible hearsay and did not qualify as an excited utterance.[3]

Because the admission and exclusion of evidence falls within the sound discretion of the trial court, we review the admission of evidence only for abuse of discretion. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind.2002). An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." *Smith v. State*, 754 N.E.2d 502, 504 (Ind.2001).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c).

Hearsay is generally not admissible at trial. Ind. Evidence Rule 802. For a statement to be admitted under Indiana Rule of Evidence 803(2)—the exception for an excited utterance—three elements must be shown: (1) a startling event; (2) a statement made by a declarant while under the stress of excitement caused by the event; and (3) that the statement relates to the event. *Fowler v. State*, 829 N.E.2d 459, 463 (Ind.2005), *cert. denied*, — U.S. —, 126 S.Ct. 2862, 165 L.Ed.2d 898 (2006). The ultimate issue is whether the statement is deemed reliable because of its spontaneity and lack of thoughtful reflection and deliberation. *Id.*

Mathis contends that Officer Kunz's testimony "does not fall within this [excited utterance] exception because it did not occur so close in time to be made while the declarant [Cook] was under the stress of excitement caused by the event." Appellant's Br. p. 4. However, "[t]he amount of time that has passed between the event and the statement is not dispositive." *Taylor v. State*, 697 N.E.2d 51, 52 (Ind. 1998). The issue is "whether the declarant was still under the stress of excitement caused by the startling event when the statement was made." *Id.* Mathis argues that Cook was not under the stress of excitement because Cook left the house to call the police, returned to the house

---

**3.** We note that Mathis, correctly, does not raise an argument that the admission of Officer Kunz's testimony violated his right to confrontation under the Sixth Amendment of the United States Constitution because any such argument would be meritless. In *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." However, "when the declarant appears for cross-examination at trial, the Con-

frontation Clause places no constraints at all on the use of his prior testimonial statements ... The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Fowler v. State*, 829 N.E.2d 459, 464 (Ind.2005), *cert. denied*, — U.S. —, 126 S.Ct. 2862, 165 L.Ed.2d 898 (2006) (quoting *Crawford*, 541 U.S. at 59 n. 9, 124 S.Ct. 1354). Here, Cook—the declarant—testified at trial and was subject to cross-examination. Thus, the Sixth Amendment Confrontation Clause does not bar admission of Officer Kunz's testimony about Cook's statements.

where Mathis was already gone, and had another person at the house with her during the time between the event and her statement to the officer.

The State contends that the excited utterance hearsay exception was met because Cook was still under the influence of the startling event despite Officer Kunz's testimony that Cook began to calm down upon his arrival to the house. The State also argues that even if Officer Kunz's testimony constituted inadmissible hearsay, the admission of such was harmless error because Officer Kunz's challenged testimony was cumulative of Cook's testimony.

 We need not address Mathis's argument whether Officer Kunz's testimony fell under the excited utterance exception to the hearsay rule because any alleged error regarding the admission of the testimony was harmless. Our Supreme Court has determined that errors in the admission of evidence, including hearsay, are to be disregarded as harmless unless they affect the substantial rights of a party. *Montgomery v. State*, 694 N.E.2d 1137, 1140 (Ind.1998); *see also* Ind. Trial Rule 61. In determining whether an evidentiary ruling has affected a defendant's substantial rights, we assess the probable impact of the evidence on the factfinder. *Id.* Moreover, the admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence admitted. *Id.* "The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Cook v. State*, 734 N.E.2d 563, 569 (Ind.2000).

Here, Officer Kunz's testimony that Mathis hit Cook and prevented her from calling 911 was merely cumulative of Cook's own testimony regarding what Mathis did to her during their argument. Indeed, Cook testified that during the course of their argument, Mathis pushed her against a door, pushed her on the sofa and laid on top of her, grabbed her hair, hit her in the head, and prevented her from calling 911 on her cell phone. Tr. p. 20–24. Cook further testified that Mathis's actions caused her to "hurt" and "kinda see[ ] stars for a second." *Id.* at 24. Clearly, Officer Kunz's testimony was merely cumulative of Cook's testimony, and Mathis's conviction was supported by substantial independent evidence of guilt as to satisfy us that there is no substantial likelihood that the alleged hearsay evidence contributed to the conviction. Thus, the trial court's admission of the hearsay testimony was harmless error. *See, e.g., Lander v. State*, 762 N.E.2d 1208, 1214 (Ind.2002) (finding that the improper admission of the hearsay statements was harmless error); *D.G.B. v. State*, 833 N.E.2d 519, 527 (Ind.Ct.App.2005) (same).

## II. Sufficiency

Mathis next argues that the evidence is insufficient to support his convictions for battery and interference with the reporting of a crime. Specifically, Mathis argues that the evidence is insufficient because without Officer Kunz's testimony, the sole evidence presented regarding the crimes was from Cook.

 When reviewing claims of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995). Rather, we look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* We will affirm the conviction if there exists evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.

*Id.* Moreover, the uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal. *Toney v. State,* 715 N.E.2d 367, 369 (Ind. 1999).

### A. Battery

■ Mathis argues that the evidence is insufficient to support his conviction for battery because Cook's testimony at trial was "equivocal and contradictory." Appellant's Br. p. 5. Specifically, Mathis contends that Cook's testimony at trial regarding the reason why she and Mathis argued differed from the reason that was contained in the probable cause affidavit.

■ The battery statute, Indiana Code section 35–42–2–1(a)(1)(A), provides that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, [which is] a Class A misdemeanor if ... it results in bodily injury to another person." Bodily injury is defined as "any impairment of physical condition, including physical pain." Ind.Code § 35–41–1–4 (2004). "Any touching, however slight, may constitute battery." *Impson v. State,* 721 N.E.2d 1275, 1285 (Ind.Ct.App.2000). Thus, to convict Mathis of battery, the State was required to prove beyond a reasonable doubt that Mathis knowingly or intentionally touched Cook in a rude, insolent, or angry manner, which resulted in bodily injury.

Initially, we observe that the reason for the argument that led to Mathis battering Cook is not an element of the crime. At trial, Cook testified that Mathis pushed her against a door, pushed her on the sofa and laid on top of her, grabbed her hair, and hit her in the head. Tr. p. 20–24. Cook further testified that Mathis's actions caused her to "hurt" and "kinda see[ ] stars for a second." *Id.* at 24. This was sufficient evidence to show that Mathis knowingly or intentionally touched Cook in a rude, insolent, or angry manner and that it resulted in bodily injury to Cook pursuant to Indiana Code section 35–42–2–1. *See, e.g., C.T.S. v. State,* 781 N.E.2d 1193, 1202 (Ind.Ct.App.2003) (holding that the victim's testimony was sufficient to support the trial court's finding that the defendant had committed battery that resulted in bodily injury).

### B. Interference with the Reporting of a Crime

■ Mathis contends that the evidence is insufficient to support his conviction for interference with the reporting of a crime because "[t]here is no evidence that the cell phone of [Cook] was ever taken away from her." Appellant's Br. p. 6. In other words, Mathis does not challenge the element that he had an intent to commit or conceal a crime but, instead, challenges the evidence used to establish the element that he interfered with or prevented Cook from using a 911 emergency telephone system.

The interference with the reporting of a crime statute, Indiana Code section 35–45–2–5(1), provides that "[a] person who, with the intent to commit, conceal, or aid in the commission of a crime, knowingly or intentionally interferes with or prevents an individual from ... using a 911 emergency telephone system ... commits interference with the reporting of a crime[.]" Thus, to convict Mathis of interference with the reporting of a crime, the State was required to prove beyond a reasonable doubt that Mathis, with the intent to commit the commission of a crime, knowingly or intentionally interfered with or prevented Cook from calling 911.

Cook testified that when she was in the kitchen attempting to call 911, Mathis pushed her against the back door, yelled at her, and tried to take her phone. Tr. p. 20–21. Cook also testified that when she

ran into the living room to call 911, Mathis followed her and pushed her over the arm of the sofa. *Id.* at 22. Cook tried to call 911 for ten minutes but was unable to do so because Mathis was lying on top of her, holding her arm, and pulling her hair. *Id.* at 22–23. In addition, when Mathis testified, he denied that he forcibly tried to take the phone from Cook's hand but admitted that he tried to stop her from calling the police. *Id.* at 28, 30. From this evidence, the trial court—as the factfinder—could have reasonably found that Mathis interfered with or prevented Cook from using a 911 emergency telephone system. Accordingly, we conclude that probative evidence existed to support Mathis's conviction for class A misdemeanor interference with the reporting of a crime as set forth in Indiana Code section 35–45–2–5(1).

The judgment of the trial court is affirmed.

SHARPNACK, J., concurs.

KIRSCH, C.J., dissents with opinion.

KIRSCH, Chief Judge, dissenting.

I respectfully dissent.

The trial court admitted the officer's testimony as fitting within the excited utterance exception to the hearsay rule. I believe that it was error to do so. Indiana Evidence Rule 803(2) provides that "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is an exception to the hearsay rule. For a statement to be admissible under the excited utterance exception the statement must be made while the declarant was under the stress of the excitement caused by the startling event. Ind. Evid. R. 803(2). The stress of the startling event is thought to reduce the likelihood of deliberate falsification. *Jones v. State,* 800 N.E.2d 624, 629 (Ind.Ct.App. 2003). In determining whether an utterance is admissible under this exception, the court should look to whether the declarant had the time for deliberation and reflection. *Hardiman v. State,* 726 N.E.2d 1201, 1204 (Ind.2000).

Here, between one hour and one hour and forty-five minutes elapsed between the time that altercation here at issue ended and Mathis left the house and the time that the prosecuting witness made the challenged statement to the police officer. Although the prosecuting witness was "very upset," "crying" and "very emotional" when Officer Kunz arrived, she " 'calmed down' after his arrival and 'felt safer when she was able to gain control of her emotions.' " *Opinion,* p. 1278. It was after "calming down" and "gaining control of her emotions" that the prosecuting witness made the statements to the officer.

A witness who has "calmed down" and "gained control" of her emotions is no longer under the stress of the startling event and has had time for reflection and deliberation. Accordingly, I believe it was error to admit the challenged statement under the excited utterance exception.

My colleagues, without reaching the issue of whether the statement qualified as an excited utterance, conclude that its admission was harmless error because it was cumulative of other evidence. Like many domestic disputes, this case turns upon the credibility of the prosecuting witness and the defendant. It is a case of "She said/he said." Although the police officer's evidence is cumulative of the testimony of the prosecuting witness, it bolsters that testimony which is not supported by any independent evidence. It also contradicts the defendant's testimony and casts doubt upon it.

Can bolstering testimony (especially by a police officer) be harmless beyond a reasonable doubt where the entire case turns upon the credibility of the two witnesses? I think not, and for such reason, I would reverse the conviction and remand for a new trial.