**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAYMOND CANTU, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1301-CR-8 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1008-FA-28

**April 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Raymond Cantu appeals his convictions of Class A felony child molesting,[1] Class C felony child molesting,[2] and Class A felony attempted child molesting.[3] He alleges hearsay evidence was improperly admitted and his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

Cantu met A.C. ("Mother") in 1997. About six months later, Mother and her two daughters, four-year-old L.M.R. and two-year-old R.W.R., moved in with Cantu. He became a father figure to the girls, whose father had died just before R.N.R. was born.

When L.M.R. was in first grade, Cantu began sexually abusing her. On one occasion, when Mother was out of the house, L.M.R. woke to find her underwear around her ankles and Cantu performing oral sex on her. Cantu told L.M.R. that if she told anyone, she would get in trouble. Cantu also molested L.M.R. after school, while Mother was still at work. He would turn on a movie for R.W.R. and send L.M.R. to his room, where he would order her to put on only a nightgown and lay on top of him while he watched pornography and held her. Sometimes Cantu would have L.M.R. touch him in a sexual manner, and once he attempted to have intercourse with L.M.R, but did not achieve penetration. The molestations ended when L.M.R. was in second grade, because Mother broke up with Cantu and moved with her daughters to another town.

L.M.R. did not tell anyone about the molestations until 2009, when she was sixteen years old. The first person she told was R.W.R., and soon thereafter she told a friend in front

---

[1] Ind. Code § 35-42-4-3(a)(1).
[2] Ind. Code § 35-42-4-3(b).
[3] Ind. Code § 35-42-4-3(a)(1) (child molesting), and Ind. Code § 35-41-5-1 (attempt).

2

of R.W.R. About a year later, R.W.R. told Mother, who told her husband. He contacted the police.

The State charged Cantu with Class A felony child molesting, Class A felony attempted child molesting, and Class C felony child molesting. A jury found Cantu guilty of all three charges, and the court imposed an aggregate sentence of forty-six years.

## DISCUSSION AND DECISION

1.      Admission of Evidence

Cantu alleges he was denied a fair trial by the erroneous admission of hearsay testimony. We typically review allegations of error in the admission of evidence for an abuse of discretion, *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), which occurs "when the trial court's ruling is clearly against the logic, facts, and circumstances presented." *Id*. As we conduct our review, we will not reweigh the evidence, and we must consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*.

Cantu did not object at trial to most of the evidence about which he now complains. Thus, he must demonstrate fundamental error. *See Taylor v. State*, 687 N.E.2d 606, 609 (Ind. Ct. App. 1997) (defendant who does not object at trial waives any claim of error on appeal unless the error is fundamental), *trans. denied*. Fundamental error is a "blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Kindred*, 973 N.E.2d at 1252 (quoting *Kimbrough v. State*, 911 N.E.2d 621, 634 (Ind. Ct. App. 2009)). The fundamental error exception is extremely narrow. *Id*.

3

We need not decide whether the challenged statements were hearsay or were improperly admitted, as any such error was harmless. Harmless error, by definition, is "an error that does not affect the substantial rights of a party." *Rosales v. State*, 3 N.E.3d 1014, 1019 (Ind. Ct. App. 2014). Where an error is harmless, we may not grant relief or reverse on appeal. *Id*. "Harmless error is the exact opposite of fundamental error, which requires 'clearly blatant violations of basic and elementary principles of due process.'" *Id*. (quoting *Canaan v. State,* 683 N.E.2d 227, 235 n.6 (Ind. 1997)).

Admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence admitted. *Mathis v. State*, 859 N.E.2d 1275, 1280 (Ind. Ct. App. 2007). Improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt that satisfies us that there is no substantial likelihood the questioned evidence contributed to the conviction. *Id*.

Cantu asserts "five (5) separate state's witnesses [were] called to testify as to [L.M.R.'s] prior out of court statements depicting her story." (Br. of Appellant at 7.) Any error in admitting that testimony was harmless, as L.M.R. herself presented "her story" to the jury. L.M.R. testified at length and in detail about what the sexual abuse was, when and where it happened, and why she did not reveal it for years. In light of that substantial independent evidence of Cantu's guilt, we cannot say there was a substantial likelihood the evidence Cantu now challenges as hearsay contributed to his conviction. Cantu has not demonstrated fundamental error.

4

2.      Inappropriateness

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v State*, 868 N.E.2d 482, 494 (Ind. 2007*), clarified on reh'g* 875 N.E.2d 218 (2007). The advisory sentence for a Class A felony is thirty years, with a range of twenty to fifty years. Ind. Code § 35-50-2-4. Cantu was sentenced to forty years for each Class A felony conviction, but the court ordered those two sentences served concurrently. The advisory sentence for a Class C felony is four years, with a range of two to eight years. Ind. Code § 35-50-2-6. The court imposed a six-year sentence to be served consecutive to the two concurrent forty-year sentences, for an aggregate sentence of forty-six years.

Cantu's victim was a six-year old girl who was the daughter of his fiancé. Her father died when she was two years old, and she considered Cantu a father figure. He told her she would "get in trouble," (Tr. at 137), if she told anyone what he had done to her and, even after the abuse ended, he bought expensive presents and spoke to her in ways that she felt

5

were attempts to keep her silent about the abuse.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Cantu's criminal history includes a 1989 Class A misdemeanor conviction of driving while intoxicated endangering a person and a 2008 conviction of misdemeanor intimidation.

In light of the facts before the trial court, we cannot say a forty-six-year sentence is inappropriate for Cantu's character and offense.

## CONCLUSION

Cantu has not demonstrated fundamental error in the admission of evidence. Nor has he demonstrated his sentence is inappropriate based on his character and offense. Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.