## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 03 2015, 9:31 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Scott L. Barnhart
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew Wedge,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 3, 2015

Court of Appeals Case No.
82A01-1403-CR-143

Appeal from the Vanderburgh Superior Court; The Honorable Kelli E. Fink, Magistrate;
82C01-1304-FA-447

**May, Judge.**

[1] Andrew Wedge appeals his conviction of Class B felony manufacture of methamphetamine. He presents two issues for our consideration:

[2] 1. Whether the trial court abused its discretion when it admitted evidence regarding the contents of a storage unit used to manufacture methamphetamine; and

[3] 2. Whether the State presented sufficient evidence to prove Wedge committed Class B felony manufacture of methamphetamine.

[4] We affirm.

## Facts and Procedural History

[5] On April 19, 2014, officers executing an arrest warrant for Wedge discovered drug paraphernalia used to ingest methamphetamine, $376.00 in cash, a digital scale and multiple items used to make methamphetamine at the residence in which Wedge was staying. Based on information provided by Wedge, the investigation turned to two storage units Wedge rented. In one of those storage units, police found items used to make methamphetamine and 135 one pot vessels which contained the remnants of methamphetamine manufacture.

[6] Based thereon, the State charged Wedge with two counts of Class B felony dealing in methamphetamine,[1] one alleging Wedge dealt methamphetamine and the other alleging Wedge manufactured methamphetamine; Class D felony possession of

---

[1] Ind. Code § 35-48-4-1.1 (2012).

methamphetamine;[2] Class A misdemeanor possession of paraphernalia;[3] and two counts of Class D felony maintaining a common nuisance.[4] The jury found Wedge guilty of all charges except for one dealing count.

## Discussion and Decision

### 1. *Admission of Evidence*

[7] Wedge asserts the court abused its discretion by admitting photographs of the 135 one pot vessels used to manufacture methamphetamine. We typically review admission of evidence for an abuse of discretion. *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), *trans. denied*. Thus, we reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *King v. State*, 985 N.E.2d 755, 757 (Ind. Ct. App. 2013), *trans. denied*. We will not reweigh evidence, and we will consider conflicting evidence in favor of the trial court's ruling. *Id*. However, we must also consider uncontested evidence favorable to the defendant. *Id*.

[8] Error in the admission or exclusion of evidence is to be disregarded as harmless unless it affects the substantial rights of a party. *Id*. The improper admission of evidence is harmless when the conviction is supported by substantial independent evidence of guilt that satisfies us that there is no substantial likelihood the

---

[2] Ind. Code § 35-48-4-6.1(a) (2012).

[3] Ind. Code § 35-48-4-8.3.

[4] Ind. Code § 35-48-4-13(b) (2012).

questioned evidence contributed to the conviction. *Mathis v. State*, 859 N.E.2d 1275, 1280 (Ind. Ct. App. 2007).

[9] Wedge asserts the photographs should have been inadmissible because the State did not keep all of the vessels in evidence storage. Under the Fourteenth Amendment to the United States Constitution, and Article I, Section 12 of the Indiana Constitution, a criminal defendant has the right to examine physical evidence in the State's possession. "However, the State does not have 'an undifferentiated and absolute duty to retain and preserve all material that might be of conceivable evidentiary significance in a particular prosecution.'" *Terry v. State*, 857 N.E.2d 396, 406 (Ind. Ct. App. 2006) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)), *trans. denied*. When dealing with the destruction of evidence involving hazardous chemicals and materials, tension arises between the practical need for destruction and the prejudice to the substantial right of the defendant to examine the physical evidence against him. *Jones v. State*, 957 N.E.2d 1033, 1037 (Ind. Ct. App. 2011).

[10] Ind. Code § 35-33-5-5(e) sets forth the requirements that must be satisfied prior to the destruction of physical evidence of drug manufacturing:

> A law enforcement agency may destroy or cause to be destroyed chemicals, controlled substances, or chemically contaminated equipment (including drug paraphernalia as described in IC 35–48–4–8.5) associated with the illegal manufacture of drugs or controlled substances without a court order if all the following conditions are met:
>
> (1) The law enforcement agency collects and preserves a sufficient quantity of the chemicals, controlled substances, or chemically contaminated equipment to demonstrate that the chemicals, controlled substances, or chemically

contaminated equipment was associated with the illegal manufacture of drugs or controlled substances.

(2) The law enforcement agency takes photographs of the illegal drug manufacturing site that accurately depict the presence and quantity of chemicals, controlled substances, and chemically contaminated equipment.

(3) The law enforcement agency completes a chemical inventory report that describes the type and quantities of chemicals, controlled substances, and chemically contaminated equipment present at the illegal manufacturing site.

The photographs and description of the property shall be admissible into evidence in place of the actual physical evidence.

[11] The police recovered 135 vessels that contained remnants from methamphetamine manufacture, such as "the ammonium nitrate and lye mixture along with the binder from the pills, . . . spent lithium, . . . [and] water that was added to further the chemical process." (Tr. at 126.) An officer testified he could not store the 135 vessels in an evidence storage locker because they were "hazardous." (*Id*.) He took pictures of the scene and inventoried all items found at the scene, including items used to make methamphetamine such as: "16 boxes of pseudophed[rine], 12 gallon contain[er]s of solvent, 24 quart containers of solvent, 4 containers of lye, 4 boxes of cold packs, 2 salt, 1 Liquid Fire, lithium batteries, and 7 empty packages of batteries." (*Id*. at 113.)

[12] We need not determine whether the State failed to comply with Indiana Code § 35-33-5-5(e) because any possible error in the admission of the photographs was harmless. The State presented substantial independent evidence Wedge manufactured methamphetamine. In the storage locker, the police found multiple items used to manufacture methamphetamine. At the residence where Wedge was arrested, police found items used to manufacture methamphetamine such as: coffee

filters with methamphetamine in them, a container of camp fuel, eleven empty boxes of pseudoephedrine and multiple empty pill blister packs, and a pH test kit. This evidence was sufficient to prove Wedge manufactured methamphetamine, and therefore any possible error in the admission of the photographs was harmless. *See Vanzyll v. State*, 978 N.E.2d 511, 519 (Ind. Ct. App. 2012) (presence of multiple items used in methamphetamine manufacture sufficient to prove Vanzyll manufactured methamphetamine).

## 2.      *Sufficiency of the Evidence*

[13] Wedge challenges only his conviction of Class B felony manufacturing methamphetamine.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

[14] *Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (quotations, citation, and footnote omitted) (emphasis in original). Wedge argues there was no physical evidence he manufactured methamphetamine because the State presented only photographic evidence of the one pot vessel manufacturing method. As noted above, the presence of numerous precursors used in the manufacture of

methamphetamine – including "16 boxes of pseudophed[rine], 12 gallon contain[er]s of solvent, 24 quart containers of solvent, 4 containers of lye, 4 boxes of cold packs, 2 salt, 1 Liquid Fire, lithium batteries, and 7 empty packages of batteries," (Tr. at 113) – is sufficient to prove Wedge committed Class B felony manufacture of methamphetamine. *See Vanzyll v. State*, 978 N.E.2d 511, 519 (Ind. Ct. App. 2012) (presence of multiple items used in methamphetamine manufacture sufficient to prove Vanzyll manufactured methamphetamine).[5]

## Conclusion

[15] Any error in the admission of the photographs of the 135 one pot vessels was harmless, as there was substantial evidence independent of those photographs to prove Wedge committed Class B felony manufacturing methamphetamine. Additionally, the State presented sufficient evidence to prove Wedge committed Class B felony manufacturing methamphetamine. Accordingly, we affirm.

[16] Affirmed.

---

[5] In his brief, Wedge states he appeals "his convictions for [sic] dealing methamphetamine as a class B felony and maintaining a common nuisance as class D felonies [sic]." (Br. of Appellant at 2.) Wedge provides no argument regarding his convictions of Class D felony maintaining a common nuisance, and thus that portion of his argument is waived. See Matheney v. State, 688 N.E.2d 883, 907 (Ind. 1997) (failure to make a cogent argument results in waiver of that argument). Waiver notwithstanding, we hold the State presented sufficient evidence Wedge committed one count of Class D felony maintaining a common nuisance based on the evidence Wedge used the storage unit to manufacture methamphetamine and the other count of Class D felony maintaining a common nuisance based on the methamphetamine precursors such as pseudoephedrine packs and camping fuel found where Wedge was staying. See Ind. Code § 35-48-4-13(b) (2012) (a person who knowingly or intentionally maintains a building that is used one or more times for the manufacture of a controlled substance commits Class D felony maintaining a common nuisance).

Vaidik, C.J., and Friedlander, J., concur.