## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2020, 10:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald D. Denson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 16, 2020

Court of Appeals Case No.
20A-CR-435

Appeal from the Marion Superior Court

The Honorable Angela Dow Davis, Judge
The Honorable Hugh Patrick Murphy, Magistrate

Trial Court Cause No.
49G16-1908-F6-31817

**Pyle, Judge.**

## Statement of the Case

Donald Denson ("Denson") appeals his conviction, following a bench trial, of Level 6 felony domestic battery.[1] He argues that there is insufficient evidence to support his conviction. Concluding that there is sufficient evidence to support Denson's conviction, we affirm the trial court's judgment.

We affirm.

## Issue

> Whether there is sufficient evidence to support Denson's Level 6 felony domestic battery conviction.

## Facts

At approximately 9:00 p.m. on August 12, 2019, Indianapolis Metropolitan Police Officers Kevin Miller ("Officer Miller") and Adam Moss ("Officer Moss") were dispatched to a disturbance in the hallway of an eastside Indianapolis apartment building. The officers approached the building and were able to enter through one set of glass doors. However, a second set of doors was locked. Although they were unable to open the doors, the officers were able to look through glass panels on the doors.

The officers observed Denson and a pregnant C.G. Denson had backed C.G. into a hallway corner. He had his hands on her arms and was "shaking her

---

[1] IND. CODE § 35-42-2-1.3.

back and forth." (Tr. Vol. 2 at 18). Denson appeared to be "very angry," and the situation "almost looked like a parent scolding a child." (Tr. Vol. 2 at 18).

[5] When the officers attempted to open the locked doors and "yelled to [Denson] to stop[,]" Denson grabbed C.G.'s arms and pushed her further into the building. (Tr. Vol. 2 at 11). C.G. "was frantic." (Tr. Vol. 2 at 11). Another apartment building resident unlocked the doors, and the officers entered the building and heard an apartment door shut.

[6] When the officers approached the door, they heard Denson and C.G. arguing. The officers knocked at the door and asked Denson and C.G. to open it. When C.G. opened the door, Officer Miller "removed her from the doorway and at that time the door shut again." (Tr. Vol. 2 at 12). C.G.'s hair was "frazzled," she had "a raspy voice," and she was crying. (Tr. Vol. 2 at 12). She told the officers that she and Denson had been arguing and that the officers "were not needed." (Tr. Vol. 2 at 21). Officer Moss convinced Denson to open the door and took him into custody.

[7] The State charged Denson with Level 6 felony kidnapping and Class A misdemeanor domestic battery. Officers Miller and Moss were the only witnesses to testify at trial. At the end of the officers' testimony, Denson stipulated that he had a previous battery conviction, which elevated the domestic battery charge from a Class A misdemeanor to a Level 6 felony.

The trial court convicted Denson of Level 6 felony domestic battery and sentenced him to 365 days of Community Corrections Home Detention. Denson now appeals his conviction.

## Decision

Denson argues that there is insufficient evidence to support his conviction for Level 6 felony domestic battery. Our standard of review for sufficiency of the evidence claims is well-settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

In order to convict Denson of Level 6 felony domestic battery, the State had the burden to prove beyond a reasonable doubt that Denson knowingly or intentionally touched C.G., a family or household member, in a rude, insolent, or angry manner and that Denson had a previous unrelated battery conviction. *See* I.C. § 35-42-2-1.3.

Here, Denson contends that "[t]he record provided by the State falls short of proving beyond a reasonable doubt that [his] touching of C.G. was done in a rude, insolent, or angry manner." (Denson's Br. 10). However, our review of the evidence reveals that Officers Miller and Moss observed Denson with his

hands on C.G.'s arms. Denson, who appeared to be very angry, was shaking C.G. back and forth. When the officers yelled at Denson to stop, Denson pushed a frantic C.G. further into the building. When the officers were finally able to talk to C.G., her hair was "frazzled," she had "a raspy voice," and she was crying. (Tr. Vol. 2 at 12). This evidence is sufficient to prove that Denson's touching of C.G. was done in a rude, insolent, or angry manner and to support Denson's conviction for Level 6 felony domestic battery.[2]

Affirmed.

Bradford, C.J., and Baker, J., concur.

---

[2] Denson also contends that the State failed to present any evidence as to why Denson and C.G. were arguing. However, the reason for the argument is not an element of the offense. *See Mathis v. State*, 859 N.E.2d 1275, 1281 (Ind. Ct. App. 2007). In addition, Denson's argument that "[t]he officers' viewpoints were impeded by a door which they had to look over and through a glass portion on top to see Denson and C.G." is a request that we reweigh the evidence. (Denson's Br. 9). This we cannot do. *See Drane*, 867 N.E.2d at 146.